By the Court,

Nelson, Ch. J.
The ruling of the judge that if the plaintiff read any one of the letters, deposited by the defendant under the order made for that purpose, he was bound to read the whole of them, if required to do so by the defendant, was correct. In Lawrence v. The Ocean Insurance Company (11 Johns. R. 260), the plaintiff furnished to the defendants, under oath, a number of letters of the master of the ship Atlantic, and others, in pursuance of a rule of court, previously obtained by the defendants. On the trial, an objection was made by the counsel for the plaintiff to the reading of the letters in evidence, unless all of them which had been furnished under the order were to be considered as evidence. The counsel for the defendants insisted that reading from the correspondence, as to a particular point, would not make the letters which related to distinct matters, evidence. The judge at the circuit decided, that any of the letters might be read by either party. Judge Thompson, in delivering the opinion of the court, observes, that these letters were drawn out from the plaintiff under a rule of court obtained on application of the defendant, and which required the plaintiff to produce, under oath, all letters in his possession which related to or concerned the ship, or in respect to the voyage; that this was analogous to an answer in chancery; and that it was an invariable rule, where an answer is given in evidence in a court of law, the party is entitled to have the whole of his answer read (1 Phil. Ev. 264, 5; 1 Starkie, 286; 2 Bos. & Pul. 548, and note; Peake, 56, 7, note). It would be obviously unjust, if the party who has procured the correspondence of his adversary, with a view to draw from him favorable admissions, or evidence, should be permitted to select, at pleasure, such portions of it as might, alone, be turned to his account, to the exclusion of the residue, and thereby preclude all possibility of explanation. Insulated letters out of a series must necessarily afford an erroneous and partial view of the mind and conduct of the writer; and to tolerate a selection of them for evidence, after an opportunity for inspection, would operate as injuriously to the rights of the party, as if his adversary were allowed to control the proof *222 he should give on the trial. In effect, admissions are sought for by the introduction of this,correspondence, and the whole called for should be heard, in analogy to the rule that the whole of an admission or conversation shall be taken together. True, the party may always limit the letters in the course of the correspondence, in the call for them, and thus confine the proof to them; but the security of his adversary against injustice in this way, will usually be found in the inability to specify those exclusively favorable.
The counsel for the plaintiff called upon the presiding judge to declare, in the hearing of the jury, at the time the correspondence was read in evidence, its legal effect; or, in other words,, how far the letters were evidence of the facts and statements contained in them; which was declined. No exception was taken to the charge of the judge, and we are, therefore, bound to assume that it was unexceptionable in every respect; that the law in regard to the influence of this correspondence upon the rights of the respective parties was ultimately, fairly and properly expounded to the jury. At all events, there is nothing in the case indicating the contrary. This is all that can be legally required of the presiding judge in the case. If the evidence offered is admissible, he is bound to receive it; and whether it shall be accompanied with explanatory comments or not from him, is a question which, at most, must be left to the exercise of his discretion. In the orderly proceedings of a cause, these should be omitted till his charge to the jury, according to the course of the present trial.
The judge was also right in his decision, allowing the letters of the Messrs. Howlands to be read, which were written in answer to those of the house of Latting, Adams & Stewart, which had been given in evidence. This was obviously necessary and proper, to enable the court and jury to ascertain the true influence and effect of that correspondence. The case may be likened to a conversation between the parties belonging to the two houses, upon the several • matters to which the correspondence relates; and to have [393] excluded the letters of the defendant’s house would have been in effect, like refusing to hear the part of a conversation maintained by one of the interlocutors. Indeed, it was conceded on the argument, by the counsel for the plaintiff, that these letters were admissible, so far as they were explanatory of those received from Adams, and with the benefit of this admission, we have not been able to discover any error in respect to those allowed in evidence.
New trial denied.