By the Court. Woodruff, J.
This action is brought by the plaintiffs to recover the amount of a promissory note made by *217 the appellant, and by the payee therein named, endorsed to one T. B. Clark, for the rent of certain premises leased by the latter to such maker and payee, jointly, and payable on the 4th day of May, 1854, (i. <?., fourteen months after the date thereof, March 1st, 1853.)
The premises, so leased, were held by the said T. B. Clark, under a lease from the owners of the premises. And in the lease from T. B. Clark, to the defendants, he covenanted, that, “ on paying the rent reserved, (and for a part of which the said note was given,) they should quietly enjoy the premises during the term of his demise.”
The answer of the defendants avers, that the plaintiff is not the owner of the note, but that the same is the property of the said T. B. Clark. It states the demise by Clark, and avers that, by reason of his (Clark’s) non-payment of his rent, to the superior landlord, the defendants were ejected from the premises, whereby the consideration of the said note has wholly, or partially, failed.
The referee reports, and so was the uncontradicted evidence, that the dispossession, by the superior landlord, did not take place until the 19th of May, 1854, fifteen days after the maturity of the note; and the documentary evidence, produced by the defendants, showed, that the summons, in the proceedings taken for that purpose, by the owner of the premises, was issued on the 10th of May, six days after the maturity of this note. The defendants were then in default, by the non-payment of their own rent, for which this note was given.
If, therefore, this was a controversy between T. B. Clark and the defendants, it would be difficult for them to charge upon him a violation of his covenant, for quiet enjoyment, when they had not, themselves, performed the very condition, upon which that covenant, by its terms, depended. He might say to them, and non constat, but he would truthfully say to them: “ Had you paid the rent reserved to me, I should have paid the ground-rent to the superior landlord, and so have protected you, in the peaceable and quiet enjoyment of the premises.” The covenant, for quiet enjoyment, &c., was not, in fact, broken, until that enjoyment was disturbed—i. e., until the actual dispossession.
But, without resting the decision upon this view of the subject alone, and without inquiring how far the decision in Giles v. Com *218 stock (4 Comst. 270)—that an eviction, after rent has become payable, is no defence to an action upon a covenant for the payment of the rent—would prevent the tenant from setting up such an eviction, as a failure of the consideration of a note, given for the rent of a term not then expired, this case must, I think, be disposed of, upon the ground upon which the referee has apparently placed his decision. He has found, distinctly, that the note came into the hands of the plaintiff, in due course of business, before the maturity thereof, and for a valuable consideration. And, inasmuch as the alleged eviction took place after the maturity of the note, it necessarily so came to his hands (if the finding is correct) without notice of the alleged failure of consideration. It is unnecessary to do more than state, that unless this statement of the plaintiff’s title was found, by the referee, without evidence, or against evidence, the plaintiff was entitled to judgment, whether the consideration of the note had or had not failed.
There was undoubtedly evidence, on the part of the defendant, warranting a suspicion that one P. I. Clark, the brother of T. B. Clark, had the control of the note, and that the plaintiff was willing to accede to any arrangement by way of deduction from the amount of the note to which the Clarks would agree; and there was evidence that indicated that P. I. Clark was active in causing the note to be put in suit, and even that the plaintiff, when applied to, after the suit was commenced, appeared not to know any thing about this note. Indeed, had the referee found, upon, the whole evidence, that P. I. Clark, and not the plaintiff, was the real owner of the note, I think his finding must have been sustained; it by no means follows that his present finding should be set aside.. The proof showed that the plaintiff is a brother-in-law of the Clarks; that he was on terms of confidence and intimacy with them; that he had endorsed for them to a very large amount; that this very note had been endorsed by him, and, with such endorsement, had been discounted by a bank in Middletown ; and that he, as endorser, had to take it up. This clearly constituted him the owner of the note for value, succeeding directly to the rights of the bank which had discounted it before its maturity.
It was not very remarkable that he should have been willing to yield to any arrangement that was just as between the defendant *219 and. the Clarks, not only because of his relationship to them, but because there was some evidence that he had security. But these expressions of willingness did not necessarily indicate that he intended to abate any thing from his claim on the note; they are rather the expression of his sense of what it would be just for the Clarks to do,, and are not inconsistent with the expectation, that if they allowed any thing to the defendant, it would be by aiding in the payment of the note, or procuring such a deduction by a just arrangement with himself also.
Under such circumstances, and with the distinct fact before us that the plaintiff, as endorser, had been required to take up this note, and had thereby acquired the title for value, we cannot say that the finding of the referee is without evidence, or that it is so against evidence as to indicate bias, partiality, palpable mistake, or other error on his part, which furnishes ground for a reversal.
The defendant, however, complains that the declarations of T. B. Clark, when offered in evidence by him, were admitted, “subject to be stricken out if no evidence should be introduced to show their adoption by the plaintiff,” and that the referee did reject this evidence when making up his report.
It must suffice to say, on this subject,—
First. That the evidence was properly rejected by the referee. The declarations of T. B. Clark, in the absence of the plaintiff, and at no time assented to by the plaintiff, were not competent evidence to impeach the plaintiff’s title, nor, indeed, to affect his right to recover on any ground.
Second. There is no exception to this rejection of this evidence, and the defendant may, upon the papers, be taken to have acquiesced in it, and,—
Third. If the defendant chose to acquiesce in such a provisional admission of evidence, he should (if he wished to make it the subject of exception) have obtained a specific ruling thereon, when the case was closed, and had his exception noted.
The ruling, therefore, being in itself correct, there is in this no ground for interfering with the report of the referee.
The iudgment must be affirmed, with costs.