## PECK *vs.* YORKS and others.

Where evidence, offered before a referee, is objected to by a party, and such party insists that the referee shall decide as to its admissibility, at the time, the referee can not receive such evidence and reserve to himself the power of retaining or rejecting it at the conclusion of the case.

Declarations of defendants who do not answer the complaint, and were not served with the summons, in the action, which declarations tend to establish the allegations of the complaint, and were made when the defendant who defends was not present, are not admissible in evidence against the latter, where they did not accompany acts, and are not a part of the *res gestæ.*

Declarations of the assignor of a judgment, made after the execution of the assignment, are not competent evidence against a defendant in the judgment.

Before the declarations of one conspirator can be given in evidence against another, for any purpose, a fraudulent combination or conspiracy must be established.

A witness can not be asked, on his cross-examination, if he has been indicted for perjury. The party can prove the fact that the witness has been indicted for perjury only by the production of the indictment, or a certified copy of it.

APPEAL by the defendant Theodore D. Yorks from a judgment in favor of the plaintiff, entered in the office of the clerk of Chemung county, upon the report of a referee, on the 8th day of July, 1865. The action was brought to set aside an assignment of a judgment that was made by the defendant Sexton to the defendant Cook, and to set aside a certificate of the satisfaction of the judgment; and to have the judgment declared to be in full force in favor of the plaintiff as owner.

The judgment was docketed in Livingston county, on the 5th of July, 1859, in favor of the defendant Sexton, against the defendants anthony Yorks and Theodore D. Yorks, for $11,355.71. The plaintiff claimed title to the judgment by purchase under an execution in his favor against the defendant Sexton. An attachment was issued in the suit, in favor of the plaintiff, in which he recovered the judgment against Sexton; by virtue of which attachment the sheriff of Livingston county attached the judgment in favor of Sexton, on the 2d day of August, 1859. The assignment of the judgment in favor of Sexton, to Cook, was dated the 15th

day of August, 1859 ; and the notes on which that judgment was recovered were assigned by Sexton to Cook, on or about the 25th day of June, in the same year ; but not until after the action in favor of Sexton against Anthony and Theodore D. Yorks had been commenced.

The plaintiff claimed that the assignment of said notes, and of the judgment in favor of Sexton, to Cook, were fraudulent as against him, who was a creditor of Sexton. The plaintiff also claimed that the said judgment was satisfied, at the instigation of Cook, in fraud of his rights. The referee found in favor of the plaintiff, upon the issues formed by the pleadings.

Theodore D. Yorks was the only defendant who answered in this action ; and it does not appear by the case and exceptions, or judgment roll in the action, that the summons therein was served on either of the other defendants.

The other facts, necessary to a correct understanding of the decision of this court on this appeal, sufficiently appear in the following opinion.

*J. F. Peck*, plaintiff, in person.

*Geo. F. Danforth*, for the defendant.

*By the Court*, BALCOM, J. The plaintiff offered to prove a conversation had between him and the defendant Sexton, when neither of the other defendants was present, which was objected to by the defendant on the grounds : 1. That conversations between Sexton and the plaintiff were not competent for any purpose. 2. That Sexton was a competent witness, and his statements were not evidence. The referee received the evidence and reserved his decision as to its admissibility. The defendant objected, and insisted that the referee should decide to admit or reject the evidence, which he declined to do ; and the defendant excepted. The defendant excepted to the decision of the referee that he would receive the evidence. The referee received other evidence in the same way, under the objection of the defendant, who excepted to the decisions

of the referee that would so receive it. At the close of the evidence in the case there is a statement that the referee thereafter decided the questions reserved, as to the above evidence, in favor of the plaintiff, and that the defendant excepted to each decision separately.

The Superior Court of the city of New York has held that a referee can not receive evidence against the objection and exception of a party, and reserve to himself the power of retaining or rejecting it at the conclusion of the case. (*See Clussman* v. *Merkel*, 3 *Bosw.* 402 ; *Brooks* v. *Christopher*, 5 *Duer*, 216.) There is an intimation in favor of the same principle in *McKnight* v. *Dunlop*, (1 *Seld.* 537.) And we are of the opinion the referee erred in this case by receiving evidence and reserving the question as to the admissibility, when the defendant insisted he should decide as to its admissibility at the time he received it. A party has the right to know, when evidence is received against him, whether it is to be held competent, so that he may except to its reception and conduct his side of the case with knowledge of what is to remain in it as evidence.

The referee erred in permitting the plaintiff to prove the declarations of the defendants who did not answer the complaint, and were not served with the summons in the action. Those declarations tended to establish the allegations of fraud in the complaint, and were made when the defendant who defended the action was not present. They did not accompany acts, and were not *res gestæ*. They were not offered to establish the complaint as against the defendants who were not served with the summons. But if they had been offered for that purpose they could not have been received ; for those defendants were not brought into the case so that the judgment in it would bind them ; and evidence against them was wholly irrelevant to the issue joined in the action. (*See Robinson* v. *Frost*, 14 *Barb.* 536 ; *Horton* v. *Payne*, 27 *How. Pr. R.* 374.)

Declarations of Sexton, made after he executed the assign-

ment to Cook of his judgment, against the Messrs. Yorks, were proved. They were not competent evidence against the defendant Theodore D. Yorks. (*See* 16 *N. Y. Rep.* 497; 21 *id.* 247; 4 *Seld.* 276; 6 *id.* 93.) Those declarations, and the declarations of Anthony Yorks, which the referee permitted the plaintiff to prove, were not admissible, within the principle held in *Adams* v. *Davidson*, (6 *Seld.* 309.)

The plaintiff insists that the declarations of Sexton and Anthony Yorks were competent evidence against the defendant Theodore D. Yorks, for the reason, as he claimed, that there was a fraudulent combination between them and Theodore D. Yorks to cheat the plaintiff, who was a creditor of Sexton. This position is untenable, for the reason that those declarations were proved to establish the alleged fraudulent combination, and were not admissible for that purpose. The rule is, that a fraudulent combination or conspiracy must be established before the declarations of one conspirator can be given in evidence against another, for any purpose, (33 *Barb.* 165; 39 *id.* 403,) which was not done in this case.

The plaintiff asked Anthony Yorks, on his cross-examination, if he had been indicted for perjury. To which the defendant objected, on the ground that the indictment should be produced, as the best evidence. The referee overruled the objection, and the defendant excepted. The witness answered: "I have been, three or four times." That question was improper. If the plaintiff had the right to prove the fact that the witness had been indicted for perjury, he could only do it by the production of the indictment, or a certified copy of it. (*See Newcomb* v. *Griswold*, 24 *N. Y. Rep.* 298.)

It is unnecessary to examine any other question in the case; for the judgment in it must be reversed and a new trial granted, for the errors of the referee already noticed.

Judgment reversed and a new trial granted; costs to abide the event of the action.

[Broome General Term, November 20, 1866. *Parker*, *Mason*, *Balcom* and *Boardman*, Justices.