## Matter of REAL.

A prisoner, on the trial of an indictment, has a right to insist that the conviction of a witness called in his behalf, of a penitentiary offense, if proved at all, be proved by the record of conviction.

A witness cannot be asked whether he has been convicted and sentenced to the penitentiary, although he does not himself object.

Even on the cross-examination of the witness, his conviction of the crime cannot be proved, by way of impeachment, by his own admission and consent, if the prisoner objects to such proof.

MOTION for a writ of error. The prisoner, John Real, having been indicted for homicide, was found guilty, and now moved for the allowance of a writ of error.

SUTHERLAND, J. The evidence of Henry Real, a witness called and sworn on behalf of the prisoner, was certainly material. On his cross-examination, he was asked, by the district-attorney, this question: "Have you ever been arrested in New York?" His answer was: "I have, sir." He was then asked, "Do you remember what for?" This question was objected to by the counsel for the prisoner, and appears not to have been answered. The district-attorney then asked this question: "Have you ever been in the penitentiary?" This question was objected to by the counsel for the prisoner. The court then told the witness that he need not answer the question, if he did not want to. The witness then answered: "I will tell the truth; I was in the penitentiary." The district-attorney asked: "How long there?" The witness answered: "Four months; innocent of the crime, too."

Asking the witness whether he had been in the penitentiary was substantially, in effect, asking him if he had been convicted of a criminal offense and sentenced to the penitentiary. An answer to the question involved an admission or denial by the witness of such conviction and sentence. *Newcomb* v. *Griswold*, (24 *N. Y. Rep.* 298;) *People* v. *Herrick*, (13 *John.* 82;) *The King* v. *Inhabitants of*

In the matter of Real.

*Castell Careinion,* (8 *East,* 77,) and other cases which might be referred to, tend to show that the prisoner had a right to insist that the conviction of the witness of the penitentiary offense, if proved at all, be proved by the record of conviction; that the witness could not be asked whether he had been convicted and sentenced to the penitentiary, although he did not object; that even on the cross-examination of the witness the conviction of the witness of the crime could not be proved by way of impeachment, by his own admission and consent, if the prisoner objected to such proof.

I cannot say, therefore, that there are not reasonable grounds for thinking that the court may have erred in permitting, after objection by the prisoner's counsel, the witness to answer the question whether he had been in the penitentiary; although the witness was willing to answer it. I cannot say that this question is so free from doubt that it is not reasonable that the prisoner should have an opportunity of presenting it to the general term, for decision.

Again; considering the evidence of the witness Real, on his direct examination, which tended to show, if credited, that there was a clinch and a struggle between the prisoner and the deceased, before any shot was fired, or any report of a pistol heard, I cannot say that the court was so clearly right in overruling the offer of the prisoner's counsel to show that the deceased had on several occasions, prior to the killing, beaten and bruised the prisoner, to the peril of his life, and had made threats of violence against him, and that those threats had come to the knowledge of the prisoner, that it is unreasonable that the prisoner should have the opportunity of presenting also the question as to the admissibility of this evidence for the decision of the general term.

Without adverting to other points or grounds of error urged by the prisoner's counsel, I think that it is my duty,

under the circumstances, to allow the writ of error, and direct that the same shall operate as a stay of the proceedings until the opinion and judgment of the general term can be had upon the case.

I need not say that I have not come to this conclusion without a most careful examination of the bill of exceptions and of the questions presented by it. But perhaps I should say that this conclusion has not been arrived at without consulting with the learned judges who so kindly sat with me when the application was argued.

Writ allowed.

[NEW YORK SPECIAL TERM, at Chambers, March 1, 1869. *Sutherland,* Justice.]