KERSLAKE v. SCHOONMAKER, appellant.

*Evidence — Agency — transactions with third persons — liability of principal for unauthorized acts of agent — notice — Practice — referee reserving decision upon admissibility of evidence.*

In an action for goods purchased by R., claimed to be an agent of defendant, evidence that R. had purchased goods of other parties than plaintiff upon the credit of defendant, for which defendant subsequently paid, *held* admissible in connection with similar previous dealings with plaintiff.

Defendant allowed R. to act for him as agent for a long ·time, and sanctioned what he had done, and conducted himself as if he was the real party· in interest. *Held,* that defendant, even though he had no beneficial interest in R.'s transactions, could not relieve himself from liability for future purchases by R. under the same circumstances, without notice to the parties with whom he had been dealing.

The referee admitted evidence objected to, subject to his retaining it or rejecting it at the close of the case. *Held,* that, the evidence being competent, there was no error. *Peck v. Yorks,* 47 Barb. 137, doubted upon the point in question.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by James Kerslake against Cyrus Schoonmaker, for goods sold and delivered on the 17th of August, 1870, consisting of a quantity of lumber of the value of $782.17. The answer was a general denial. The issue thus raised was referred, by an order of this court, to a referee, to hear and determine, who rendered his report in favor of the plaintiff. The referee found, among other things, that the defendant was engaged in the lumber business in the city of New York, in 1868, '69 and '70, and during those years held out one Henry A. Royce as his agent, and that said Royce conducted and managed it; that before the sale of the lumber in suit (on the 17th of August, 1870), the agency of said Henry A. Royce ceased, and that no notice was given to plaintiff by said defendant that said agency of said Royce had ceased; and that on said date one Reuben S. Royce purchased the lumber in suit, to be delivered at West Troy and consigned to Henry A. Royce, and that the plaintiff delivered the same on board a barge consigned to Henry A. Royce, and that the credit was given by plaintiff to the defendant, and that the said sum of $782.17 has not been paid. As conclusions of law, said referee found that the defendant,

after the determination of said agency, was liable for purchases made in the ordinary course of business, by said Royce, of innocent parties who had no notice of the determination of such agency, who sold the goods and gave the credit to said defendant on the faith and strength of former transactions, and the relation of principal and agent between defendant and said H. A. Royce, and that the plaintiff was entitled to judgment against defendant for the said sum of $782.17 with interest.

Exceptions were duly taken to the referee's report. The facts, so far as material, and the questions raised, are sufficiently stated in the opinion. Upon this report judgment was entered in favor of the plaintiff on February 7, 1873, for $1,139.17. The defendant filed and served exceptions to the referee's findings of facts and conclusions of law, and appealed from said judgment to this court.

*Richard L'H. Finch,* for appellant.

*George Day* and *Martin I. Townsend,* for respondent.

MILLER, P. J.   The testimony of Hill, Talcott and Avery showed transactions in the lumber business by sales from them to the defendant, from 1867 to May, 1870. Henry A. Royce made most of these purchases and they were paid for by the defendant's notes which were paid. As late as April or May, 1870, Schoonmaker told Hill that he would be responsible for all which Royce wanted to buy, and that he shared in the profits of the sales. Royce was insolvent and had no financial credit prior to this time. Although these transactions were not with the plaintiff, I think they were competent proof in connection with similar previous dealings proved to have been had between the plaintiff and the defendant in which charges were made against the defendant by the plaintiff for lumber sold, and notes taken from and paid by the defendant for the same.

The whole evidence tended to establish that the defendant had allowed Royce, as his agent, to purchase lumber on his individual account; to have the same charged to the defendant, and that the defendant had settled the account by his own notes which were paid. In fact, the proof established that the defendant was really the debtor to whom the credit was given.

In addition to this, it was not contradicted by the defendant that he had admitted virtually to Hill that he was a partner sharing in

the profits, nor was the fact denied by Royce that such a partnership existed.

As the evidence stood it appeared that the defendant had allowed Royce to act for him as an agent, for a long time, sanctioned what he had done, and in fact conducted as if he was the real party, and I think that he could not relieve himself from liability for future purchases made under the same circumstances, by the same agent, without first giving notice to the party with whom he had been dealing, that he would no longer remain liable. As he had conferred authority upon Royce to make purchases on his behalf, he occupied the position of one who authorizes another to use his name in conducting and carrying on a business, and was liable even if he had no beneficial interest therein. As the plaintiff had sold to the agent upon the credit of the principal, the presumption is that he gave credit to the principal, and to shift the responsibility on the agent the proof should be satisfactory that he sold upon the credit of the agent alone. *Ferris* v. *Kilmer*, 48 N. Y. 300. The rule is that if the agent, acting within the apparent scope of his authority, transcends his real authority, the principal, rather than the party dealing with the agent, should suffer. *Johnson* v. *Jones*, 4 Barb. 369; *Exchange Bank* v. *Monteath*, 17 id. 171. The testimony of Reuben S. Royce shows that there was no agency, but this only raises a question of fact for the referee to determine, and with the proof given and in view of the important fact that the defendant was not called to testify on that subject, there was sufficient to authorize the finding of the referee that such agency existed.

There was also sufficient evidence of a delivery of the lumber, and no such contradiction of the plaintiff's testimony as would authorize the referee to disregard it entirely. It was a question of credibility between the plaintiff and Reuben S. Royce, whether notice was given to the plaintiff that the agency had ceased, and the finding of the referee that no notice had been given, can be upheld. Nor was there any inconsistency in the finding that on the 17th of August, 1870, the agency of Henry A. Royce had ceased, and the finding that no notice was given to the plaintiff. Both these facts might very well exist, and yet the defendant be liable for want of notice for the purchases made on the 17th of August.

The referee committed no error in refusing to dismiss the complaint, and was, I think, justified in his conclusion that the defendant was liable for the lumber sold.

The defendant's counsel insist that there was error in admitting evidence objected to, subject to his retaining or rejecting the evidence at the conclusion of the case.   The case of *Peck* v. *Yorks*, 47 Barb. 131, sustains this doctrine, and the rule laid down is placed upon the ground that it is so held in *Clussman* v. *Merkel*, 3 Bosw. 402; *Brooks* v. *Christopher*, 5 Duer, 216; also *McKnight* v. *Dunlop*, 5 N. Y. 537.   I do not understand that the first two cases last cited sustain this doctrine, nor that the last case goes to such an extent. So long as the evidence received was competent, which was the fact in the case at bar, I do not see how the decision made could operate injuriously, or in any way affect the plaintiff's rights.   The decision of the question was not necessary for a proper disposition of the case in 47 Barb., and a new trial was granted upon other grounds. Therefore the remarks were *obiter* and are not controlling.   In some cases, perhaps, such a ruling might prove injurious and hence be liable to exception, but here I think that it must be considered the same as if the testimony had been admitted absolutely, and as it bore on the case and was entirely proper, that there was no error.

The decision of the referee was right, and there being no legal error upon the trial, the judgment must be affirmed, with costs.

*Judgment affirmed.*