## LATHROP v. BRAMHALL.

*Evidence — declarations — memorandum — Reference — reservation of decision by referee.*

In an action against several defendants jointly a declaration made by one of them in the presence of the others and assented to by them, *held* admissible against all.

In an action against several defendants jointly, *held*, that on the admission of evidence competent against any one of them the referee was not bound to declare its effect.

A memorandum of the terms of a contract made by one of the parties and read over to all of them at a meeting but not signed, *held* admissible as part of the *res gestæ*.

The practice by referees of reserving decisions upon the admissibility of evidence considered and condemned.

APPEAL by defendants from a judgment in favor of plaintiffs entered upon the report of a referee.

The action was brought by Jedediah H. Lathrop and others against Moses H. Bramhall and others to recover the balance due from defendants to plaintiffs upon a sale of stock.

*J. L. Cadwallader,* for appellants.

*C. F. Southmayd,* for respondents.

BRADY, J.

The principal question was one of fact whether the sale of the stock was made to the defendants jointly or to defendant Bramhall alone. The following is the only portion of the opinion of general importance :

" The complaint made against the reservation of his decision on objections taken by the referee loses much of its importance from the fact that before the defendants began the exposition of their defense, the objections were passed upon and exceptions allowed. The effect of that procedure was to secure all the advantages of the exception to the same extent as if taken when the objection was interposed, provided the ruling was incorrect. *Sharpe* v. *Freeman,* 45 N. Y. 802. The practice is not to be commended, but where as in this case it was done in almost all instances by seeming consent, the parties take the consequences if disastrous unless, as suggested in *Sharpe* v. *Freeman, supra,* the case is so prepared as

to secure the benefit of the exception or objection taken. This mode of receiving and disposing of objections has been a subject of consideration in several cases exclusive of the case of *Sharpe* v. *Freeman, supra,* namely, *Peck* v. *Yorks,* 47 Barb. 131 ; *Clussman* v. *Merkel,* 3 Bosw. 402 ; *Brooks* v. *Christopher,* 5 Duer, 216 ; *McKnight* v. *Dunlap,* 5 N. Y. 537 ; *Waggoner* v. *Finch,* 1 N. Y. Sup. 145, but none of them has in any way dealt with the question which is presented in this case. It is as suggested, one not of the admissibility of evidence, but of its effect which the referee is not bound to declare. If evidence offered is admissible for any purpose, or against any one of several defendants, its legal operation must be supposed to be within the intelligence and appreciation of the counsel trying the cause. It cannot be assumed that any other than its proper application shall be made of it, and *that,* whatever it is, should follow its introduction and reception. The evidence objected to had some pertinence to some of the issues and was therefore admissible. Indeed, the very form and substance of the objections made, show this, and the case does not therefore call for any particular criticism upon the practice of reserving a decision upon an objection to the admissibility of evidence. It may be regarded as settled, that such a procedure finds no favor at the hands of appellate tribunals, and should be avoided. The party objecting has a right to a decision at once upon such objections. It may, and indeed often must, be necessary to enable him to shape the character of his cross-examination or of the proofs which he should employ in establishing his own case, or in rebutting that of his adversary.

It is not necessary, however, for the reasons assigned, to pursue this inquiry further."

*Judgment reversed as to one, and affirmed as to the other defendants.*