JEDEDIAH H. LATHROP et al., Respondents, *v.* MOSES B. BRAMHALL et al., Appellants.

In an action tried by a referee where evidence is received competent as against one or more of several defendants, it is not error for the referee to refuse to decide, either at the time the evidence is received or at the close of the case, as to which of the defendants the evidence is compe- tent.   (CHURCH, Ch. J., ALLEN and FOLGER, JJ., dissenting.)

A refusal of a referee to pass upon an objection to evidence at the time it is offered and the receipt thereof, with a reservation of the question as to its admissibility until the close of the case, is improper, but is not necessarily fatal to the judgment. (Church, Ch. J., Allen and Folger, JJ., dissenting.)

Such a reservation is to be considered upon appeal the same as if the objection had been overruled and an exception taken, and if the evidence were proper or could not have affected the rights of the objecting party injuriously, the reservation is not ground for reversal. (Church, Ch. J., Allen and Folger, JJ., dissenting.)

A memorandum relating to the terms of a parol contract, made at the time by one of the parties negotiating the contract, and read over to the others, although not itself a valid contract, is competent as evidence to corroborate the oral evidence as to the terms of the contract; the memorandum does not make the oral evidence incompetent.

(Argued January 3, 1876; decided March 21, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department affirming a judgment in favor of the plaintiffs, entered upon the report of a referee.

This action was brought to recover a balance alleged to be due of the price agreed to be paid upon the transfer from plaintiffs to defendants of the capital stock of a corporation. The question was as to whether the sale was made to the defendants jointly or to the defendant Bramhall, the other defendants, composing the firm of Clews, Livermore & Co., claiming to have acted simply as agents for Bramhall.

Upon the trial evidence was offered on the part of plaintiffs of declarations of defendants, Bramhall and Clews. This was objected to as incompetent as against the other defendants. The referee reserved the question.

Other evidence offered by plaintiffs was objected to, and the question as to its admissibility reserved. Among other things, after proof of the terms of the contract of purchase, a memorandum was offered in evidence, which the evidence tended to show was made by the defendant Bramhall at the time of the contract and read over to the others present, which embodied some of the general features and terms of the purchase. This was objected to as not competent against the other defendants aside from Bramhall, as not competent

against Livermore, Clews & Co., except Mr. Clews, and also because it was proved that the contract was outside of the memorandum. The first question was reserved. The last objection was overruled, and defendants excepted. A motion was made to strike out the oral evidence as to the contract. This was denied, and defendants excepted. The referee, before the opening of defendant's case, decided some of the reserved questions, overruling the objections. As to the evidence objected to as incompetent as against some of the defendants, he declined to decide which of the defendants were affected thereby, but reserved the question until the decision. To this defendants' counsel duly excepted. Further facts appear in the opinion.

*Waldo Hutchins* for the appellants. The referee erred in refusing to pass upon the objection raised by defendants' counsel at the time it was raised. (*Peck* v. *Yorks*, 47 Barb., 131; *Johnson* v. *McIntosh*, 31 id., 267; *Sharpe* v. *Freeman*, 45 N. Y., 802; *McKnight* v. *Dunlap*, 5 id., 537, 545; *Brooks* v. *Christopher*, 5 Duer, 216; *Clussman* v. *Merkel*, 3 Bosw., 402; *Goddard* v. *Perkins*, 9 Gray, 411; *Waggoner* v. *Finch*, 1 N. Y. S. C., 145.) The referee erred in admitting in evidence the memorandum offered by plaintiffs. (*Newkirk* v. *N. Y., etc., Co.*, 38 N. Y., 158.)

*Chas. F. Southmayd* for the respondents. The referee did not err in reserving his decision as to the effect of certain evidence until a subsequent stage of the trial. (*Raymond* v. *Howland*, 17 Wend., 389.) A mere technical error in ruling by the referee, by which the party appealing has not been really prejudiced, is no ground for a reversal or new trial. (*Fabbri* v. *Mer. Ins. Co.*, 64 Barb., 85; *People* v. *Gonzalez*, 35 N. Y., 49; *Wattson* v. *Campbell*, 38 id., 53; *Wheeler* v. *Ruckman*, 51 id., 391; *Sutherland* v. *Rose*, 47 Barb., 144.)

MILLER, J. Upon the trial of this action the defendants' counsel objected to the admission of certain evidence offered

by the plaintiffs, and the decision of the referee was reserved in several instances until the close of the plaintiffs' evidence, when the referee proceeded to dispose of the objections to the admission of testimony, the rulings on which had been reserved. He refused to decide as to the persons affected by some portions of the evidence, holding that these questions could only be determined when the whole evidence was in, and, to the extent named, overruled the objections made by the defendants' counsel, who insisted that they were entitled to an absolute ruling upon the several questions, which the referee refused to give, and excepted to his several decisions thus made. Upon one of the rulings of the referee reversing his decision, defendants' counsel excepted to the reservation. In the subsequent stages of the case the referee made similar rulings, declining to decide against which defendant the evidence was allowed; and, at the close of the entire testimony, he declined to decide any of the questions thus reserved, stating that this would be determined on the decision of the case.

Without enumerating the various rulings of the referee upon the questions stated, it is sufficient to say that he, among other decisions, refused to rule whether a memorandum received in evidence, the admission of which will be hereafter particularly considered, should be regarded as evidence against the defendant Bramhall alone, or against all or any of the other defendants. He made the same reservation until the close of the testimony upon the question raised whether the acts or declarations of Clews were binding on the defendants other than the firm of which he was a member, also in respect to whether the letters written by Clews, and introduced upon the trial, were evidence.

The evidence which was thus admitted conditionally, and in regard to which the referee reserved his decision, affected the most important issues in the case, and the principal question involved, which was the liability of all of the defendants for the indebtedness, to recover which the action was brought. If the evidence tended to show the liability of any one of

the parties, it would be to that extent entirely competent. Whether it affected more than a single one, or all of them, could not well be determined at the time when the testimony was introduced, and might depend upon evidence which was subsequently given which tended to establish the liability of the defendants. It cannot always be decided at the moment when such testimony is offered as to what effect it may have, and when this cannot be done, there is no objection to a reservation of the decision for the time being. Some discretion must be allowed to the judge or referee in regard to questions of this kind. Where the trial is before a jury in open court, there would be an eminent propriety in a decision by the judge as to the applicability of such evidence before the case is finally submitted to their consideration; and then he should determine as to its effect in respect to any particular party, and give proper instructions in regard to it upon being requested to do so. (See *Raymond* v. *Howland*, 17 Wend., 389.) Under such circumstances, it is not apparent how the rights of the parties could be seriously affected by the reservation of the judge's decision. Upon a trial before a referee, there appears to be far less urgent necessity for the decision of questions of this character, even at the close of the case. As he takes the place of the jury, he is to balance the testimony and decide where the weight lies; and in so doing, must determine to what extent the evidence thus objected to bears upon the different parties. He can make a proper discrimination as to how far it affects one or more of the parties in most cases; and if this can be done, no injury can result from such a course of procedure. It is not apparent in the case before us how the defendants' interest could have been affected injuriously by the action of the referee, or their rights in any way impaired; and unless such was the case, no rule of law has been violated, and there is no legal error which will justify a reversal of the judgment.

An important distinction exists between the reservation of the question as to the effect of evidence and a reservation as

to its admissibility, and the question arises and is directly presented by one or more of the decisions of the referee, whether the party who raises an objection to evidence offered by his adversary has a right to have such objection passed upon absolutely at the time when it is presented, and whether the refusal to do so is erroneous. We have been referred to a number of decisions, mostly in the Supreme Court, which are supposed to uphold the doctrine contended for. Although the marginal notes of these cases, and the dicta of some of the judges appear to sanction such a rule, a critical examination will show that it has not been decided in any of them that a judgment must necessarily be reversed when the referee receives evidence reserving his decision. (*Clussman* v. *Merkel*, 3 Bosw., 402; *Brooks* v. *Christopher*, 5 Duer, 216; *Peck* v. *Yorks*, 47 Barb., 131; *Waggoner* v. *Finch*, 1 N. Y. S. C. [T. & C.], 145; *McKnight* v. *Dunlop*, 5 N. Y., 537, 545.)

The precise question was not presented in any of the cases cited, and without discussing them more fully, it is sufficient to say that they are not in point. A contrary doctrine was held in *Kerslake* v. *Schoonmaker* (3 N. Y. [T. & C.], 524; 8 Hun, 436), where most of these cases are considered. As was held in the case last cited, if the decision of the referee might prove injurious, it would be liable to exception. There are cases where it is easy to see that the admission of evidence in this form might embarrass the defence in determining to what extent testimony should be introduced in answer to that which has been admitted under such a restriction. And where the case shows in any way that such a ruling would be prejudicial to the rights of the party objecting, it would be a subject of exception which would lead to a reversal of the judgment. It is quite as objectionable for a referee to make a mistake in his ruling, generally, as to make a decision reserving the question as to the admissibility of evidence which may in any way prejudice the party. As was well said in *Sharpe* v. *Freeman* (45 N. Y., 804), by Judge FOLGER: "It (the practice referred to) is then not to be commended, however, for it does not conduce to a clear and accurate trial of the action, nor to

the explicit presentation of the questions for review." When rulings of this kind are made, they must be considered upon review, the same as if an objection had been made and overruled and an exception taken to the decision of the referee. It is not apparent that any of the decisions which were reserved by the referee could have affected the rights of the defendant injuriously so as to render them liable to objection, and they therefore do not present any legal ground for a reversal of the judgment.

But a single objection is urged to the testimony which was received unqualifiedly, and that relates to the memorandum which was offered and received as evidence. It was objected to not only upon the ground that it was not evidence against any of the parties but Bramhall, or against any member of the firm of Livermore, Clews & Co., except Mr. Clews, but for the reason that it was proved that the contract was outside of the memorandum. The referee reserved his decision as to the first and second grounds, and overruled the objection as to the third ground. In a subsequent stage of the case a motion was made to strike it out on grounds which were stated and overruled. The remarks already made as to the right of the referee to reserve his decision under the circumstances are a sufficient answer to the first two objections made to its introduction. The other objections now urged will be further considered. The memorandum related to the terms of the purchase of the Frostburgh Coal Company. It stated the amount of capital stock, the number of shares and the price, and that cash was to be paid upon delivery. It also stated that Messrs. Lathrop and Graham were to have a certain number of shares which were named at cost, as well as certain other matters which it is not material to recite. This paper alone of itself was of but little, if any, importance, as there was no particular contradiction as to the terms of the purchase, without oral evidence to establish that the purchase was a joint one, and made for the benefit of all the defendants. The evidence in regard to it tended to show that at the time of the alleged meeting of the parties when the sale was made, Bramhall,

one of the defendants, made this written memorandum, which was found among his papers, and read it over to those who were present, inquiring whether it was correct or whether the parties who were present should take the stock which was then sold. It was not offered to refresh the memory of the witness, and was not admissible in that point of view, and the rule applicable to such a case cannot be invoked, nor was it competent alone as the contract of the parties, but it was evidence which corroborated and confirmed the oral proof as it coincided with it as to the terms of the contract. The two together showed what the contract was, and there can be no valid objection where an oral contract is made to prove that its principal terms were written down and a memorandum made of them and read at the time. The one is not a substitute to the other, and both are properly admissible without violating any rule of law. It is not a case where a valid contract is made in writing which entirely supersedes the oral contract, but one where an oral contract is entered into and a memorandum made at the time as to its general features and characteristics. Regarding it in this light there would be no reason for striking out the oral testimony as was asked upon the trial in reference to the same matter.

An objection is made that the memorandum was not properly identified. There was evidence to show that it was in Bramhall's handwriting, and that it was the memorandum made at the meeting, and if there was any defect in this respect the testimony of Bramhall, as to its identity, was of such a character as to render it a fair question for the referee to determine whether it was sufficiently identified. It cannot be claimed that there was such an entire absence of evidence in regard to it as would authorize its rejection for the reason stated, and as there was at least some evidence, it was for the referee to decide as to the weight to be given to the testimony which related to its identity.

It is not the province of this court to consider the weight of the evidence upon the question of the joint liability of

the defendants.  That duty belonged to and has been discharged by another tribunal.

As no legal error was committed upon the trial, the judgment must be affirmed, with costs.

ALLEN, J. (dissenting).  The question presented by the exception to the refusal of the referee to pass definitely upon the questions of evidence as they arose and were made in the progress of the trial, is the more important by reason of the vicious practice which, although of recent origin, has had a rapid growth in the practice of referees in the trial of causes before them.  The practice of reserving questions as to the admissibility of evidence and its competency when reasonably made in the course of the trial, is not to be commended even when assented to by counsel.  It seriously interferes with the proper and orderly conduct of the trial and tends to embarrass the parties whenever a review of the trial becomes necessary.  The comments of Judge FOLGER upon the practice, in *Sharpe* v. *Freeman* (45 N. Y., 802), are just and should be heeded as well by counsel as by referees and trial courts.

The Code provides that the trial by referees shall be conducted in the same manner as a trial by the court.  (Code § 272.)  No change is made by the Code in any of its provisions in respect to the conduct of trials, the introduction of evidence, the time and manner of objecting to its admission, the action and decision of the court or referee thereon, or the mode and manner of reviewing decisions made in the course of the trial.  The common-law practice still prevails, and exceptions must be taken to decisions of questions arising in the progress of the trial at the time they are made, and if not then taken are waived.

In the final report of the referee he states the facts found from all the evidence, and the conclusions of law based thereon, and to such conclusions exceptions may be taken within ten days after notice of the judgment; but there is no place in the report for ruling upon questions of evidence or other interlocutory questions that may have arisen upon the trial,

and no time given for exceptions to ruling upon questions of that character.   (Code, §§ 268, 272.)

The right to object to evidence as it is offered is a legal right of which the party cannot be deprived, and the right to object and to be heard upon the objection, necessarily implies a like right to a decision by a court or referee, and the refusal to entertain an objection or to pass upon it when made is a denial of a legal right to which an exception lies.   Wherever any matter is capable of being brought upon the record, and the court refuses to allow it to be so brought, this is the subject of a bill of exceptions.   (Per Lord REDESDALE, *Lessee of Lawlor* v. *Murray*, 1 Sch. & Lef., 75.)   When necessary, the judge or referee must pass on all preliminary questions of fact on which the admissibility of evidence depends, and he must do so whenever occasion requires in the progress of a trial.   (*Doe* v. *Webster*, 12 A. & E., 442 ; 1 Arch. Prac., 359, 366.)

The judge or referee has, within proper limits, a discretion as to the order of proof, and may permit facts to be proved provisionally, subject to the condition that other facts shall be subsequently proved which are essential to the competency of the evidence admitted.   But when all the facts, upon which the party relies for the admissibility of the evidence, have been put before the court by him and he has rested his case, the adverse party is then entitled to a definite determination as to the competency of the evidence objected to.   It is then no longer a question as to the order of proof, nor is it within the discretion of the court to postpone the decision.

It appears by the record before us that the parties acquiesced by mutual consent in the reservation of several questions, made upon objections to the admissibility of evidence as against some of the defendants, which was conceded to be competent as against others until the close of the evidence on the part of the plaintiffs.   The defendants objecting, then demanded, as they had a right to do, that the referee should pass upon the competency of the evidence as against them, respectively.   The question was not as to the effect of the evidence, if admitted, but whether the defendants taking the

objections had been so far connected with the transaction and the other parties who were actors in it as to make the evidence competent against them for any purpose. The question of admissibility was one of law; its effect was a question of fact. It was their right to know before entering upon their defence what evidence they had to meet, and they were necessarily embarrassed in their defence by the refusal of the referee to pass upon the questions made. A decision adverse to the plaintiffs would not have prevented a renewed offer of evidence upon other facts appearing; and had the evidence been either rejected or admitted, the defendants might have shaped their defence entirely differently from what they were compelled to do, proceeding in ignorance of the fact whether the evidence was in or out of the case as against them. If it be contended that the evidence objected to was competent as against all the defendants, the sting is not taken out of the exception to the refusal by the referee to decide the question.

The defendant had a right to the ruling of the referee upon the question, and an exception to the refusal so to rule should not be confounded with an exception to a refusal to sustain the objections to the evidence. The latter exception would have brought up the question as to the competency of the evidence. The exception actually made does not involve that question. A party has a legal right to a decision upon the admissibility of evidence, whether the same is competent or otherwise, and a refusal of that right is a legal error. A court sitting in review cannot say that a party is not prejudiced by such a refusal. The orderly administration of justice and the preservation of the rights of suitors require that referees as well as courts should be held to a strict observance of those substantial forms and modes of procedure, which are the result of experience and are firmly established. It is neither safe nor consistent with a proper administration of the laws to permit referees or trial courts to exercise their discretion as to whether they will or will not pass upon questions made in proper time and in proper form, or to permit

each referee to be a law unto himself and leave it to the appellate tribunals to sustain or reverse judgments, as they may think justice has or has not been done in each case. The law vests no such discretion in courts or referees.

If a referee may exercise this power, and act upon his discretion, he may change the burden of proof, and, in fact, deprive the party of his exceptions and the benefits of established rules of evidence; but that it is error for a referee, under such circumstances, to refuse to decide questions of evidence as they are made is plainly intimated in *McKnight* v. *Dunlop* (1 Seld., 537), and the doctrine is affirmed in *Peck* v. *Yorks* (47 Barb., 131); *Brooks* v. *Christopher* (5 Duer, 216), and *Clussman* v. *Merkel* (3 Bos., 402). See, also, *Goddard* v. *Perkins* (9 Gray, 411), in which SHAW, Ch. J., says: " The parties are entitled to the judge's opinion, to his best judgment, on every question of law arising in the course of the trial." In *Bartlett* v. *Smith* (11 M. & W., 483), where the admissibility of a bill of exchange, purporting to be a foreign bill, and stamped accordingly, was objected to on the ground that it was, in fact, an inland bill drawn in London, and evidence was offered to prove that fact, it was held that the evidence ought to have been received in that stage of the cause, and the admissibility of the instrument passed upon by the judge, and that the evidence ought not to have been received afterwards as a part of the defendant's case; verdict having passed for the plaintiff, was set aside for this error of the judge.

The Code provides for the reservation of a certain class of questions upon the merits for further consideration by the judge, but questions of evidence are not among those that may be so reserved.

The judgment appealed from should be reversed, and a new trial granted.

For affirmance: FOLGER, ANDREWS, MILLER and EARL, JJ.; for reversal: CHURCH, Ch. J., ALLEN and RAPALLO, JJ

Judgment affirmed.