CHARLES D. FREEMAN v. JARVIS H. BARTLETT.

1. In the course of a negotiation for a lease, a paper was partly written by the defendant and handed by him to the plaintiff, and by him interlined and returned to the defendant, which paper was not signed by either of the parties. On the trial the question was whether the terms

of the lease were those mentioned in the paper only, or there were other terms agreed upon outside of it. *Held,* that this paper, although unsigned, was admissible in evidence as part of the *res gestæ.*

2. Plaintiff in error cannot rely upon an erroneous ruling which does him no injury, for a reversal of the judgment.

On error to the Burlington Circuit Court.

Argued at November Term, 1884, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff in error, *P. L. Voorhees.*

For the defendant in error, *M. R. Sooy.*

The opinion of the court was delivered by

REED, J.   In the course of the trial of this cause at the Circuit, it became necessary to ascertain the terms of an agreement between Freeman and Bartlett, under which agreement Bartlett had entered and occupied a hotel belonging to Freeman.   The materiality of this inquiry it is unncessary to state in detail, as it is sufficient to say that there was a contest as to which of two statements of the terms of that agreement was correct.   Freeman contended that the agreement was completely expressed in a certain writing, and Bartlett insisted that a part of the agreement was verbal and that the writing did not express the whole of their completed contract.   Freeman's testimony was in substance that in the course of the negotiation concerning the terms upon which Bartlett should occupy the hotel, a certain paper writing was drawn by himself and handed to Bartlett, who interlined and returned it to Freeman; that this paper so interlined by Bartlett was understood by both parties to contain the terms of the contract between them, and that it was understood that Bartlett should sign it when he came to Freeman's office in Camden.

Bartlett in his testimony admitted that he had received such a paper from the hands of Freeman, and had interlined it, but

denied that this writing contained the entire agreement under which he went into the occupancy of Freeman's hotel. He insisted that there were terms agreed upon which did not appear therein, and it was upon these latter terms that he grounded his case against Freeman.

In the course of the trial this paper writing was offered in evidence by the attorney of Freeman, and it was by the court excluded. To this ruling an exception was sealed. The primary question arising upon the assignment upon this exception is whether, in the determination of the question as to which of these conflicting statements is accurate, the paper itself was relevant and material evidence.

Although this paper was not signed by the parties, and so did not rise to the dignity of a written contract, yet I think it was admissible in evidence. It was a transaction constituting part of the negotiation out of which the contract emerged. It was a part of the *res gestæ*, and as such was, I think, relevant. This was the view in which a similar writing was regarded, under like circumstances, by the New York state Court of Appeals. *Lathrop* v. *Bramhall*, 64 *N. Y.* 365.

But while it seems to me that this paper could have gone to the jury, yet it appears entirely clear that it could not have afforded any aid to the plaintiff in error. This conclusion follows from the fact that all that the presence of the paper would have proven was not questioned at the trial. The paper would have exhibited its contents and what portion was interlined by Bartlett. But all this was stated by Mr. Freeman with the paper before him as a memorandum. His statement was assumed to be accurate. Indeed, there was no room for mistake.

Upon the point contested, namely, whether this writing contained the entire agreement between the parties, it is obvious that the writing itself would have thrown no additional light. The rule is well settled that when the plaintiff in error has sustained no injury he cannot rely upon a technical mistake on the part of the court as a ground for reversing the judgment. *Ayres* v. *Van Lieu*, 2 *South.* 765 ; *Smith* v. *Ruecastle*, 2 *Halst.* 357 ; *Rodenbough* v. *Rosebury*, 4 *Zab.* 491.