### FREEMAN *vs.* BARTLETT.

#### *(Supreme Court of New Jersey, 1885.)*

*Evidence—Res Gestæ—Lease not signed.* In the course of a negotiation for a lease a paper was partly written by the defendant and handed by him to plaintiff, and by him interlined and returned to defendant, but neither signed it. On the trial question was whether the terms of the lease were those mentioned in the paper only, or were their terms agreed upon outside of it. *Held,* the paper was admissible as *res gestæ.*

Error to Burlington Court.

The paper in question was excluded by the court, and plaintiff assigned error.

P. L. Voorhees, for plaintiff in error. M. R. Sooy, contra,

Reed, J., in delivering the opinion of the court, said : Although this paper was not signed by the parties, and so did not rise to the dignity of a written contract, yet I think it was admissible in evidence. It was a transaction constituting part of the negotiation out of which the contract emerged. It was a part of the *res gestæ,* and as such was, I think, relevant. This was the view in which a similar writing was regarded, under like circumstances, by the New York State Court of Appeals. Lathrop *vs.* Bramhall; 64 N. Y. 365. But while it seems to me that this paper could have gone to the jury, yet it appears entirely clear that it could not have afforded any aid to the plaintiff in error. This conclusion follows from the fact that all that the presence of the paper would have proven was not questioned at the trial. The paper would have exhibited its contents and what portion was interlined by Bartlett. But all this was stated by Freeman with the paper before him as a memorandum. His statement was assumed to be accurate. Indeed, there was no room for mistake. Upon the point contested, namely, whether this writing contained the entire agreement between

the parties, it is obvious that the writing itself would have thrown no additional light. The rule is well settled that when the plaintiff in error has sustained no injury he cannot rely upon a technical mistake on the part of the court as a ground for reversing the judgment. Ayres *vs.* Van Lieu, 2 South. 765; Smith *vs.* Ruecastle, 2 Halst. 357; Roden-bough *vs.* Rosebury, 4 Zab. 491.

Judgment affirmed.—*The Reporter.*