### DE GRAFFENRIED et al. v. MILLER.

(Supreme Court, Appellate Term. June 3, 1908.)

1. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Any error in excluding a memorandum from evidence was harmless to the party offering it, where the contents had been testified to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4194–4199.]

2. SAME—FINDINGS—CONCLUSIVENESS.

A finding upon a disputed question of fact will not be disturbed on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3983–3989.]

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Gertrude De Graffenried and another against Edward Miller, Jr. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Thornton & Earle, for appellants.
David C. Myers, for respondent.

GREENBAUM, J. Assuming, without holding, that the memorandum which Mr. Earle testified to as being made in the presence of the defendant's wife and read to her, but which she did not examine or read, was entitled to be marked in evidence, I do not see how its exclusion injuriously affected plaintiffs. The contents of the paper had been testified to, and the marking of the paper in evidence could not strengthen the plaintiffs' position. Defendant's wife denied that the memorandum was made or read in her presence. A question of fact was thus presented; the justice having the contents of the paper before him as testified to by plaintiffs' witness.

If the exclusion of the memorandum does not constitute reversible error, there is nothing left in the case but a disputed question of fact, which was decided in favor of the defendant, and should not be disturbed by this court. The plaintiffs' witness Earle concedes that the defendant was to have possession by November 4th, and that all repairs agreed upon were to be completed by that time, and defendant

testified that he would lease the premises "provided he could get the apartment ready by the 4th of November." One of the issues was as to whether there was a hiring or not.

There is a dispute between the witness Earle, plaintiffs' agent, and defendant's wife as to the repairs agreed upon to be done; and as to certain other repairs there is a conflict of testimony as to whether they were finished in time, and also as to whether such as were completed had been properly performed. In my opinion the judgment should be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J. (concurring). It seems to me to clearly appear, from the testimony and admissions, that the consummation of the proposed lease depended upon the fulfillment by the plaintiff of conditions precedent in respect of repairs by November 4th, and that the repairs were not completed on or before that day; that the defendant never went into possession; and that the relation of landlord and tenant is not established. I think the exclusion of the memorandum as an exhibit in the case was not prejudicial to the plaintiffs. The trial justice had the entire contents of the memorandum before him in the testimony given, and was warranted, in determining the issues of fact, to give it full consideration. If it was now in the the record, I do not think it would strengthen the plaintiffs' case.

The judgment should be affirmed, with costs to the respondent.

GIEGERICH, J. (dissenting). I am unable to concur in the conclusion reached by my Associates that the exclusion of the memorandum referred to in their respective opinions was not prejudicial to the plaintiffs. The principal question presented for solution upon the trial was whether or not the apartment, for the rent of which the action was brought, was hired upon conditions that the plaintiffs would make certain repairs within a specified period of time.

Mr. Thornton Earle, one of the plaintiffs' attorneys, and who represented the plaintiffs at the time when negotiations were pending for the leasing of the premises, testified that during the preliminary interview had with the defendant and his wife they discussed the amount of the rent, the time when possession was to be given, and the rebate to be allowed in case the plaintiffs failed to give possession within the stipulated time, but that the nature and extent of the repairs was to be left open until the following morning, when, it was arranged, the defendant's wife was to meet Mr. Earle at the apartment for the purpose of "deciding what was necessary." Mr. Earle further testified that he accordingly met Mrs. Miller at the apartment on the following morning; that they went through it together. He further testified that:

"She said she would like this, that, and the other thing done. I made a memorandum on an envelope which I had in my pocket of the things which she asked to have done, rekalsomining of the ceiling of the dining room, living room, and bed room; but I urged her to have that painted, as I preferred to have that done, as it made a better job, and she consented. I read the memorandum which I made, and asked her if that was all, and I have that memorandum (showing same). Q. Is that the memorandum? (indicat-

ing same). A. That is the original memorandum which I made in her presence. Q. The memorandum which you read to her? A. Yes, sir; which I made in her presence and read to her. I asked her if that was all she wanted. She said: 'Yes.'

"By ·Defendant's Counsel: Q. Did she take it in her hand and read it? A. No, sir; she watched me make it. I read it to her. Q. She didn't read from it herself? A. Not so far as I know."

The memorandum referred to was then offered in evidence, but was excluded, and the plaintiffs excepted. As above stated, the principal question litigated upon the trial was whether the premises were hired upon the terms testified to by Mr. Earle, on the one hand, or by the defendant's wife, on the other. The memorandum tended to corroborate Mr. Earle's testimony upon an issue in respect of which there was such a sharp conflict of testimony, and therefore it was reversible error to exclude it. Lathrop v. Bramhall, 64 N. Y. 365; Abb. Tr. Ev. (2d Ed.) p. 395, par. 36.

Lathrop v. Bramhall, just cited, was an action brought to recover a balance alleged to be due of the agreed price to be paid upon the transfer from plaintiff to defendants of the capital stock of a corporation. The question litigated upon the trial was whether the sale was made to the defendants jointly, or to the defendant Bramhall; the other defendants, composing the firm of Livermore, Clews & Co., claiming to have acted simply as agents for Bramhall. A memorandum made by the defendant Bramhall at the time of the contract, and which embodied some of the general features and terms of the purchase, was read over to the others present. This was objected to, as not competent against the other defendants, aside from Bramhall, and also because it was proved that the contract was outside of the memorandum. Miller, J., in delivering the opinion of the court, said with regard to the objection (pages 371, 372):

"This paper alone of itself was of but little, if any, importance, as there was no particular contradiction as to the terms of the purchase, without oral evidence to establish that the purchase was a joint one, and made for the benefit of all·the defendants. The evidence in regard to it tended to show that at the time of the alleged meeting of the parties, when the sale was made, Bramhall, one of the defendants, made this written memorandum, which was found among his papers, and read it over to those who were present, inquiring whether it was correct, or whether the parties who were present should take the stock which was then sold. It was not offered to refresh the memory of the witness, and was not admissible in that point of view, and the rule applicable to such a case cannot be invoked; nor was it competent alone as the contract of the parties but it was evidence which corroborated and confirmed the oral proof, as it coincided with it as to the terms of the contract. The two together showed what the contract was, and there can be no valid objection, where an oral contract is made, to prove that its principal terms were written down and a memorandum made of them and read at the time. The one is not a substitute to the other, and both are properly admissible without violating any rule of law. It is not a case where a valid contract is made in writing, which entirely supersedes the oral contract, but one where an oral contract is entered into and a memorandum made at the time as to its general features and characteristics." '

The above reasoning is equally applicable to the present case. While it is true that Mr. Earle gave testimony upon the trial as to the repairs the plaintiffs were to make, which testimony presumably accords with the contents of the memorandum so claimed to have been made

by him, neither that fact nor the denial of the defendant's wife that the memorandum was read to her could deprive the plaintiffs of the right to have it admitted in evidence. Since the paper is not annexed to the return, it is impossible to say what influence it might have had upon the trial justice, had it been received; and, as the testimony was so evenly balanced, its exclusion should be regarded as constituting error prejudicial to the plaintiffs.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellants to abide the event.