Sewall, C. J.
The general question arising upon the evidence in this case is, whether the defendants performed their contract and bargain, by the delivery of the twenty-five hogsheads of rum specified in the bill of parcels, upon which they received a payment in part from the plaintiffs.
The argument for the plaintiffs is, that the contract proved entitled them to a delivery of twenty-five hogsheads, of what is called the customary size; which was not performed by a delivery of a like number of hogsheads of the smaller size ; and the plaintiffs have obtained a verdict for the deficiency in the quantity of rum delivered, compared with the quantity supposed to be sold, and the deficient gallons have been estimated at the increase in price which happened in the interval of nine days, between the sale and the delivery of the article. And if that was the bargain proved, when all the evidence competent in this case is considered, the verdict is not to be disturbed. On the other hand, the defendants contend that the bargain proved is according to the specification in their bill of parcels, so lar as the question of the quantity of rum to be delivered is concerned; and that the acceptance of those hogsheads by the plaintiffs precluded them from any further demand for hogsheads of other dimensions, or for any supposed difference between those delivered and hogsheads of what is called the ordinary size.
We concur in the opinion expressed at the trial, that the bill of parcels, and the payment on the 1st of July, have so direct a reference to the bargain of the 22d of June, as to take the case out of the statute of frauds, so far as to establish a contract which may be enforced, notwithstanding the provisions of the statute; and the bargain proved may be considered as then made. (1)
But the terms of the bargain remain to be settled. The *17 evidence resulting from the conduct of the parties, from the * bill of parcels, and the payment thereon on the 1st [ * 10 ] of July, is essential. There is no other competent evidence of any bargain; and the bargain proved by it is, we think, of hogsheads of the size then specified as the hogsheads ready for delivery, with a statement of their capacity and contents. The plaintiffs then accepted this specification, notwithstanding their remark upon the smallness of the size; and upon this evidence the performance of the contract, then acknowledged by the defendants, was sufficiently proved.
It is not, in our opinion, competent for the plaintiffs to accept this acknowledgment of the defendants, by a specification of twenty-five hogsheads ready for the plaintiffs, as the performance of the bargain acknowledged on their part, and then to use this evidence as the means of proving another and a different contract. (2) Where you rely upon a confession, you must take it all together; and the rule is peculiarly necessary to be observed where the confession is in a form of evidence essential to the establishment of the contract to be proved, as in this case.
For by the statute of frauds, the oral testimony of the conversation and dealing of the parties on the 22d of June is not, of itself, either adequate or competent evidence of a sale and bar gain, which the law will enforce, against the one party or the other. The payment in part on the 1st of July, or the memorandum then delivered, are necessary means of evidence to show a sale. The acquiescence of the plaintiffs in that memorandum, and the payment made upon it, certainly afford better evidence of the intent of the parties than the proof of the customary size of hogsheads, understood in some, but not in all, sales of rum, when the bargain is expressed in that species of casks. It is not in all; for any allusion to the Guinea trade repels a presumption of a larger size, and reduces the bargain to hogsheads of the smaller size. Now, in the case at bar, the specification delivered to the plaintiffs, and accepted by them, is at least of as much force for this purpose as an allusion to the Guinea trade. In short, the plaintiffs must * take the bargain, as they are able to prove it by that [ * 11 ] competent evidence which the statute requires.
Judge Parker, who tried this cause, adopts this opinion, upon further considering the subject, and concurs with us in the decision.
The verdict is to be set aside, and the defendants are entitled to a new trial. If the counsel for the plaintiffs will advise their clients *18 respecting it, and if they cannot make a better case, perhaps they will not choose to insist further on their demand.
The plaintiffs afterwards, agreeably to the intimation of the Court, became nonsuit, (a)

 2 B. & P. 238, Saunderson vs. Jackson & Al.

 2 H. Black. 68, Rondeau vs. Wyatt.

 Damon vs. Osborn, 1 Pick. 476.