### EDWARD LAMB *vs.* JOHN W. CRAFTS.

C., whose business was that of collecting rough tallow and preparing it for market, made an oral agreement with L. to furnish him with a certain quantity of tallow, of good quality and color, at a certain price per pound, and to deliver it at a certain place, and afterwards furnished and delivered the specified quantity, and made and signed bills of parcels in which the article was denominated "tallow," without other description or designation: L. accepted the tallow, and paid the agreed price for it. *Held*, that the agreement was within the statute of frauds, and that L. could not recover for a breach of warranty, made by C. at the time of the agreement, that the tallow should be of good quality and color. *Held also*, that if the delivery of the tallow by C. and the acceptance and payment by L. were to be regarded as constituting one entire contract of sale, yet there was no contract of warranty, because the bill of parcels, which was the only written memorandum signed by C, specified none, and contained no description or denomination, from which a warranty could be inferred.

SHAW, C. J.   This action is brought to recover damages for an alleged breach of warranty upon the sale of one

hundred casks of tallow by the defendant to the plaintiff, and shipped to London. There are several sets of counts, some founded upon a warranty entered into upon an executory contract to sell the tallow, and another set on the alleged warranty, upon an actual sale of the same quantity.

The facts, about which there is no controversy, or none of any importance, are, that in October 1844, the plaintiff applied to the defendant, whose employment was that of collecting rough tallow and preparing it for market, to purchase one hundred casks of tallow, of good quality and color, to ship to London; that the defendant said he knew what the plaintiff wanted, and could furnish such an article, but was doubtful whether he could furnish the required quantity within the time limited. The negotiation resulted in an agreement, the one to furnish and the other to take, at a fixed price per pound, fifty casks absolutely, and fifty more, if the defendant could get them ready, or such portion of them as he could get ready, to be delivered at the vessel or vessels designated by the plaintiff. They were subsequently delivered on board of two vessels, and two separate bills of parcels were made and signed by the defendant, in which the article was described as " tallow," without other description or designation, and the quantity was paid for by the plaintiff.

It would be very questionable from the evidence, which is fully reported with a view to sustain a motion for a new trial, whether any agreement was made, on the part of the defendant, that the tallow to be sold should be of any particular quality, and especially whether the tallow to be furnished should be suitable for the manufacture of candles, which was the warranty set forth in several of the counts, and apparently much relied on. But we have not thought it necessary to give an opinion upon that point, for reasons which will be obvious.

The defendant relied upon the provision in the statute of frauds, that so far as the warranty in question was alleged to arise upon the executory agreement to sell, it could not be enforced, because not reduced to writing. Upon this point, the court directed the jury avowedly for the purposes of the

trial, and to enable the plaintiff to show what case he could make upon the evidence, that although this was an executory contract to deliver goods at a future time, it was not within the statute. And the plaintiff obtained a verdict.

This statute (Rev. Sts. c. 74, § 4,) provides, that " no contract for the sale of any goods, wares or merchandize, for the price of fifty dollars or more, shall be good or valid, unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person by him thereto lawfully authorized." The contract in this case is precisely within the terms of the statute ; it was complete and finished for fifty casks certain, and as much more as the defendant could get ready ; and the price and terms of payment were fixed, and nothing remained to be done but to deliver on one side, and pay on the other. The proof of warranty, by description, if available at all, was of a warranty upon an executory contract, full in all its parts ; but being by parol, it is declared by the statute to be void. Supposing the contract to end there, as a complete executory contract, it is within the statute, and not valid, because there was no memorandum thereof signed by the defendant.

If the subsequent delivery of the hundred casks of tallow, and acceptance of, and payment for the same, and the bills of parcels then executed and delivered by the defendant, are relied upon, as constituting one entire contract of sale, there is then no contract of warranty ; because the bill of parcels, the only memorandum in writing signed by defendant, specifies none, and because it contains no description or denomination of tallow of any particular kind or quality, from which, according to the recent cases, a contract of warranty may be inferred. *Bradford* v. *Manly*, 13 Mass. 139. *Hastings* v. *Lovering*, 2 Pick. 214. It seems precisely within the authority of the case of *Whitwell* v. *Wyer*, 11 Mass. 6. There was no legal or competent evidence, derived from the executory parol agreement, which could ingraft, upon the executed contract of sale, a warranty, of which there is no evidence, and no intimation given at the time of

the delivery, and the giving and acceptance of the bill of parcels. If such a warranty was intended, especially if it was intended to warrant the tallow as fit for making candles, it should have been inserted in the bill of parcels, at least by way of description, indicating the species of tallow intended by the parties.

It was intimated, but not pressed, that this case was not within the statute of frauds, because the tallow was to be prepared or manufactured. But we think it very clear that this objection cannot prevail. The distinction, we believe, is now well understood. When a person stipulates for the future sale of articles, which he is habitually making, and which, at the time, are not made or finished, it is essentially a contract of sale, and not a contract for labor; otherwise, when the article is made pursuant to the agreement. *Gardner* v. *Joy,* 9 Met. 177. *Spencer* v. *Cone,* 1 Met. 283. *Mixer* v. *Howarth,* 21 Pick. 205. *Garbutt* v. *Watson,* 5 Barn. & Ald. 613, and 1 Dowl. & Ryl. 219.

The contract between these parties was essentially a contract by the defendant to sell and deliver tallow to the plaintiff, upon terms agreed, and a contract of work and labor in collecting rough tallow, and preparing it for market for the defendant.

*Verdict set aside, and plaintiff nonsuit.*

*Brigham,* for the plaintiff.
*Crowninshield,* for the defendant.