[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 539 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 542 
It is objected on the part of the defendant to the plaintiff's recovery, that the delivery of part of the malt after the time of making the contract, did not take it out of the statute of frauds. The Revised Statutes, (2 V. 136, sec. 3,) provide that every contract for the sale of any goods, c., for the price of $50 or more, shall be void, unless — 1. A note or memorandum of the contract be made in writing, and subscribed by the parties to be charged thereby; or, 2. Unless the buyer shall accept and receive part of the goods, c.; or, 3. Unless the buyer shall at the time pay some part of the purchase money. If part payment of the purchase money is relied upon to except the contract from the operation of the statute, it must by the terms of the statute be made at the time the contract is entered into. But when the validity of the contract depends upon the acceptance and receipt of a part of the goods, the statute omits to require the acceptance and receipt to be at the time of the making of the contract.
The old statute of frauds did not specify the time when either the goods were to be accepted and received, or a part of the purchase money was to be paid. (1 Rev. L. of 1813, 79, sec. 15.) The chapter of frauds, as reported by the revisers, required as well the acceptance and receipt of a part of the goods, as the payment of a part of the purchase money to be at the time of the making of the contract. The legislature struck out of the subdivision as reported, in relation to the acceptance and receipt of a part of the goods, the words "at the time"; which confined the acceptance and receipt of the goods to the time the contract was entered into. (See Report of Revisers.) This action of the legislature is a very clear indication of their intention to provide that a contract for the sale of goods for the price of $50 or more should be valid, if a part of the goods sold were accepted and received under and in pursuance of the contract, although after the time of the *Page 543 
making of it. And this is the judicial construction which has been given to the statute. In Sprague v. Blake, (20 Wend. 63,) Judge COWEN, with the concurrence of his associates, held that the statute does not require that the part acceptance of the goods should be at the time the oral contract is made. He says, "the authorities upon the statute of frauds allow of an "oral order at one day, and an acceptance at another," by the purchaser or his agent. The cases of Chaplin v. Rogers, (1 East. 192,) of Vincent v. Germond, (11 John. 283,) of Jennings
v. Webster, (7 Cow. 262,) and of Outwater v. Dodge, c.,
(6 Wend. 397,) are all authorities to shew that a subsequent acceptance and receipt of a part of the goods under a parol contract, make the contract good within the statute of frauds. It was held by the supreme judicial court of Massachusetts inThompson v. Alger, (12 Met. 435,) that even the payment of a part of the purchase money, after the time of entering into the parol contract, takes the contract out of the operation of our statute of frauds. That was an oral contract made in this state, for the purchase of stock of the Hudson and Berkshire R.R. Co. DEWEY, J. in that case says, that before payment of a part of the purchase money, neither party would be bound by the terms of the oral contract. "The vendee would be "under no obligation to make a payment, and the vendor "under no obligation to receive one. But when actually "made and accepted with the full concurrence of both parties, "then the contract takes effect; then a part payment of the "purchase money has been made; and then the parties have "made a valid contract." If the contract is not in law deemed to be made until the part payment of the purchase money, and the previous invalid oral agreement is merely referred to, to ascertain the terms of the subsequent valid contract, the decision of the supreme judicial court of Massachusetts may be regarded as sound. This view of the case was taken by that court in Whitwell, c. v. Wyer, (11 Mass. 6,) and in Damon v.Osborn, (1 Pick. 480.) In Saunderson v. Jackson, (2 Bos. Pul. 238,) the court connected a letter from the vendor to the *Page 544 
purchaser, with a previous memorandum not signed by the parties, stating the terms of the agreement, in order to make a sufficient written note or memorandum to take the case out of the statute of frauds. The oral contract may be considered good as a proposition; and the subsequent delivery and acceptance of the whole or a part of the goods as an acceptance of the proposition, and the final conclusion of a valid agreement. In such case, there being no statutory inhibition, it is admissible to connect the delivery and acceptance with the previous proposition or oral contract, in order to make out a valid contract.
In this case, the jury having found that the part delivery of the malt, between the latter part of August and the latter part of September, was made under the previous oral contract for the sale of 5000 bushels of malt; that contract was therefore valid within the statute of frauds.
The charge of the recorder was in all respects correct. His instruction to the jury in relation to the rule of damages, was in strict accordance with the authorities. The plaintiff was entitled to recover as damages the difference between the contract price of the balance of the malt which the defendant refused to deliver, and its market value at the time of the refusal. (9 Wend. 134, 5; 7 Hill, 61, 2; 7 Cow. 681, 687; 24 Wend. 322.)
The recorder committed no error in refusing to charge as requested. Before the pretended new contract for 3000 bushels of malt was made, the previous contract had been violated by the defendant, and a right of action had accrued to the plaintiff for such violation. Wherever a right of action has once vested in a party, it can only be destroyed by a release under seal, or by the receipt of something in satisfaction of the wrong done. (23Wend. 309; 1 Hill, 486, 488; Willoughby v. Backhouse, 2Barn. Cres. 821; 5 Hill, 77, 78.) If the recorder had charged that the new agreement rescinded the previous contract, and was a bar to the plaintiff's recovery of damages for its violation, he would have committed an *Page 545 
error. The plaintiff's claim to damages formed no part of the consideration of the second agreement. Prior to the making of that agreement, the previous contract, by the defendant's violation, was, at the election of the plaintiff, at an end; and in lieu of his right to take the benefit of the contract, the plaintiff had a perfect right of action against the defendant for his refusal to fulfil it. The first contract having been put an end to by the defendant, it was competent for the plaintiff to enter into a new agreement with him, without a waiver of, or prejudice to his remedy, for the violation of the previous contract.
It is objected that the recorder received on the trial improper and irrelevant testimony in relation to the plaintiff's damages; and that his subsequent withdrawal of such testimony from the consideration of the jury did not cure the error. I am inclined to believe, that if a judge on the trial of a cause, on further deliberation, strikes out improper evidence previously received, or instructs the jury to disregard it, that the error committed in receiving the evidence will be cured. But whatever may be the correct rule on this subject, I think the defendant cannot now object that the recorder committed an error in receiving the illegal evidence. When this evidence was objected to, the recorder did not pass upon the question of its admissibility, but expressly reserved that question for further consideration. To this course suggested by the recorder, no objection was made by the defendant. The recorder having subsequently decided the testimony to be illegal, and having excluded it from the consideration of the jury, the defendant is now precluded from insisting that he committed an error in receiving the evidence. If the defendant had apprehended any injurious effect on the minds of the jury from the evidence, he should have called upon the recorder when the evidence was offered, to decide before it was received, whether it was legal or illegal; and should have objected to his receiving the evidence and reserving the question of its admissibility for subsequent decision. *Page 546 
I am of the opinion, and such is the opinion of the court, that the judgment of the supreme court should be affirmed with costs.