By the Court, Monell, J.
There is no conflict in the evidence as respects the nature of the oral contract for the sale of the barley. All the witnesses agree, that it was a sale of “ a cargo of barley of about nine thousand bushels.” One of the witnesses described it as a “ load” of barley of nine thousand bushels. There is nothing in the case to indicate what was meant or intended by the parties as a “ cargo” or “ load” of barley, but it is proper to presume that the ordinary or usual *181 conveyance used for transporting cereals from the western states was intended. Hence evidence was given that some canal boats will hold four thousand and some ten thousand bushels, and the plaintiff says the defendants were to let them have a cargo, containing about nine thousand bushels.
By the terms of the contract, the barley was to be delivered before the close of navigation; but there was no evidence given, or offered, to show whether the barley had or had not arrived at the time the contract was made, unless the defendants saying to the plaintiffs, “ the barley is in,” can be interpreted into meaning “ the barley has arrived.” But it is not material.
The contract of sale was void by the statute of frauds, unless the delivery and acceptance of the 5070 bushels was sufficient to bring the contract within the exceptions in the statute. On the 18th of November, a cargo or boat load of barley arrived. Notice of the arrival was given to the plaintiffs ; they sent their measurer, and had the barley measured. The barley was delivered at the place designated in the contract, and a bill conformable to the measurer’s return was rendered to the plaintiffs, and by them paid.
If the contract was divisible, and capable of a separate physi-.. cal performance, then, according to the clear weight of authorities, a delivery and acceptance of part would be sufficient. (Seymour v. Davis, 2 Sand. 239. Deming v. Kemp, 4 id. 147. McKnight v. Dunlop, 5 N. Y. Rep. 537. Catlin v. Tobias, 26 N. Y. Rep. 217.) But when the contract is indivisible, and cannot, by its terms, or otherwise, be performed in separate parts, then the whole contract must be performed at one time, and there can be no such thing as a part performance.
The contract was for the sale and purchase of a “ cargo” or “ load”'of barley. It was not a contract for the sale and purchase of either nine thousand bushels, or of about nine thousand bushels of barley. The quantity was merely descriptive of the capacity of a canal boat, some being capable of carrying four and others ten thousand bushels. So far as the vendees had the right to insist upon a “ cargo” of the prescribed number of bushels, namely, about nine thousand bushels, the bulk *182 or dimensions of a cargo was an important part of the contract. For the tender of a cargo of less bulk would not have been a complete performance, and the vendees would have been excused for rejecting it. Had the contract been for a “ cargo of barley,” without specifying any quantity, it would have been as effectual, provided the quantity constituting a cargo was capable of being ascertained by parol proof.
A cargo is the lading of a ship or other vessel, the bulk or dimensions of which is to be ascertained from the capacity of the ship or vessel; and where the name of the ship or vessel is in the contract, her capacity for carrying, or the bulk of her cargo, need not be stated, for the word “cargo” embraces all that the vessel is capable of carrying.
The contract before us, was an entire, indivisible contract. It could not be separated into parts, and was incapable of a part performance. Neither less nor more than a “ cargo of barley" could be tendered as performance by the vendors. Nor were the vendees bound to accept a “cargo” of less than, about 9000 bushels. A vessel with capacity to carry ten thousand bushels, freighted with only five thousand bushels, would not have been a “cargo” within the' meaning of the contract.
The delivery and acceptance of a part of the goods, to take the contract out of the statute, is where by the terms of the contract a part may be delivered. And such are all the cases in the books. In both of the cases arising in this court, (Seymour v. Davis, and Deming v. Kemp, ubi sup.) the contracts provided in terms for partial deliveries. In McKnight v. Dunlop, ubi sup. the contract was for 5000 bushels of barley. Payments were to be made whenever $1000 worth of barley was delivered. 1400 bushels only were delivered, when the vendor refused to deliver any more, and the action was by the vendees to recover the difference. The court held that the delivery and acceptance of the 1400 bushels took the contract out of the statute. The only question, however, discussed in that case, was whether a subsequent part performance was sufficient.
*183 Whether the delivery and acceptance of a part, will render valid a previously void contract, depends upon whether, within the terms of the contract, the vendor can make a part delivery and the vendee can accept such part delivery, as a part performance only.
It seems to me there can he no part performance of an entire, inseverable contract, and the exception in the statute was intended to apply to contracts capable of severable performance. Thús the contract for the sale of 5000 bushels of barley, in McKnight v. Dunlop, was capable of a part delivery. In all contracts intended to be aided by the exception in the statute, the possibility of performing it in parts becomes the material question. If the goods sold and bought consist of several, part of which may be separated from the rest and delivered, and the contract does not require the whole to be delivered at one time, the part delivery brings the contract within the exception. But where there can be no separation, and the contract and the parties contemplate one delivery of the entire purchase, a part delivery will not do. A contract to sell a “ cargo,” or “ boat load,” does not admit of the delivery pf less-than a cargo or boat load, irrespective of any quantity which' constitutes its bulk.
It is well settled in this state, that a vendor of goods cannot recover, either the contract price, nor upon a quantum meruit, for a part of the goods delivered, even although accepted by the vendee. (Champlin v. Rowley, 13 Wendell, 258. S. C. 18 id. 187. Mead v. Degolyer, 16 id. 632. McKnight v. Dunlop, 4 Barb. 36. Oakley v. Morton, 11 N. Y. Rep. 25. Catlin v. Tobias, ubi sup.) The reason of the rule is, that full performance of such contracts by the vendor, is a condition precedent, and must.be averred and proved.
The contract, in the case before us, was for a “ cargo ” of barley. Doubtless it was contemplated by the plaintiffs, possibly by both parties, that the cargo would contain about nine thousand bushels. 'But the sale was not of that quantity^ although the plaintiffs were not bound to accept less ; and looking at the contract as it is, it is impossible, I think, to say *184 that the delivery and acceptance of a cargo containing less of bulk than intended by the parties, as expressed in their contract, would take it out of the statute.
When the cargo of 5070 bushels of barley arrived and was tendered to the plaintiffs, they might have rejected it, as not being a performance of the contract. It was not a cargo “ of about 9000 bushels.” Upon refusing to receive it, no right of action would have arisen to the defendants; and upon a demand by the plaintiffs of a cargo “of about 9000 bushels,” the defendants, on a neglect or refusal to deliver, would have been liable for a breach of the contract. But by accepting and paying for a cargo of 5070 bushels, it seems to me, the plaintiffs waived the right to object or insist that it was not a full and complete compliance with and performance of the contract. By such acceptance, the plaintiffs put their construction upon the contract, namely, that a delivery of a cargo of less than 9000 bushels satisfied its terms. Their neglect to avail themselves of their right to reject a cargo of a less number of bushels is to be deemed an admission, by them, that the quantity was not the essential part of the contract, and after accepting they cannot claim that it was a part performance only.
Suppose, after the delivery and acceptance of the 5070 bushels the defendants had tendered another cargo of 4000 bushels, would the plaintiffs have been bound to receive it ? I think not. They could have said, you tendered and we accepted a “ cargo which, although it contained less in quantity than was intended, was nevertheless a cargo, and we received it as such, and as a fulfillment of the contract.
The delivery and acceptance of a part of the goods, to take a case out of the statute, must be a part of a known and defined quantity, which can be disjointed and separated from, the whole; not a part of an entire thing which it was intended should be delivered in bulk. A parol contract for the sale and purchase of a “ steamboat,” would not become valid by the delivery and acceptance of a part of the machinery; or of a “ wagon,” by the acceptance of the wheels only. Hone of the cases go so far. Indeed I have not found any case taken *185 out of the statute, where the contract itself did not in express terms, of by necessary implication, admit of a partial delivery. In this case there was an acceptance of a “ cargo,” as bargained for; and although it did not reach the quantity intended, or answer the description in the contract, nevertheless it was accepted by the plaintiffs as such.
In Clark v. Baker, (5 Metc. 452,) the sale was of a cargo of corn, on board of a schooner lying at Boston, at 76-^ for the yellow corn and 73J for the white corn. The quantity of corn was not known, but proved to be between 2000 and 3000 bushels. The plaintiff received a part and refused the remainder. The court held that the contract was. entire. Hubbard, J. says : “ The bargain was not for 2000 or 3000 bushels of corn, but it was for the cargo of the schooner Shylock, be the quantity more or less.” He says it cannot be regarded as a separate bargain for each separate bushel. “ This separation into parts so minute, of a contract of this nature, can never be admitted. * ® As well might a man who sold a chest of tea by the pound, or a piece of cloth by the yard, or a piece of land by the foot or by the acre, contend that each pound, yard, foot or acre was the subject of a distinct contract, and each the subject of a distinct action.”
In Whitwell v. Wyer, (11 Mass. Rep. 6,) the contract was by parol for the sale of 25 hogsheads of rum. T'he vendors were to furnish the casks, but nothing was said about their size. The vendors selected hogsheads below the customary size; they were filled, and notice given to the purchasers that they were ready for delivery. At the same time a bill for the 25 hogsheads was presented. The purchasers remarked that the hogsheads were small, but did not object to receiving them. They paid $1000 on the bill, and accepted the 25 hogsheads. The court held that the delivery and acceptance of the 25 hogsheads, without objection, was a complete performance of the contract, notwithstanding the hogsheads delivered were not of the description named in or intended by the contract.
It is said that the acceptance was qualified ,' that the plaintiffs refused to receive the cargo as a full performance of the *186 contract, But they did receive it, and they had no power to make a new contract without the consent of the other party. If the thing tendered for their acceptance did not answer the description in the contract, the only right of the plaintiffs was to reject it. (Corning v. Colt, 5 Wend. 253.) They could not qualify their acceptance so as to limit it to a part performance, when the very act of acceptance determined the completeness of Ü0 performance.
It is not, perhaps, too much to say that there has been an inclination in the courts to stretch the statute to cover contracts which it was intended to exclude. The statute was enacted for wise purposes, and we should stop some where short, I think, of legislating it quite out of existence, by making the exceptions the rule.
In the view I have taken of the question, it has not become necessary for us to examine, at any. length, another objection taken by the defendants. The plaintiffs averred a readiness and an offer to perform before the close of navigation. There was no proof of this, nor of a readiness to perform at any time. The covenants to pay and deliver were mutual and dependent covenants, and the plaintiffs should have proved not only a readiness to perform, but a tender of performance on their part. (Kelley v. Upton, 5 Duer, 336. Williams v. Healey, 3 Denio, 363. Lester v. Jewett, 11 N. Y. Rep. 453.)
Upon the whole, I am of opinion that the exceptions should be overruled, and judgment ordered dismissing the complaint.