WILLIAM H. EVERSON, Respondent, *v.* STEPHEN H. POWERS et al., Appellants.

Where, upon breach of a contract of employment, by a wrongful discharge of the employe, an action is brought by him before the expiration of the term of service, but is not brought to trial until after the expiration thereof, plaintiff is entitled to recover the same damages as he would have been entitled to had the action been commenced after the expiration of the term, *i. e.*, the difference between the compensation fixed by the contract for the service and what plaintiff has received, together with what he was able to earn after his discharge.

*It seems* that if the trial is before the expiration of the term, plaintiff is entitled to recover such actual damage as the evidence shows he has sustained up to time of trial, and if at that time the loss is still only probable, the recovery should be for nominal damages only.

(Argued May 4, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made January 3, 1881, which affirmed a judgment of the General Term of the Marine Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for the breach of a contract of employment. Plaintiff's complaint alleges that on the 1st day of January, 1878, the defendants entered into an agreement with him by which it was agreed that he should work for the defendants for the term of one year from the 1st day of January, 1878, to the 1st day of January, 1879, for the sum of $1,052 per year. That said plaintiff entered upon the performance of said contract and worked for the defendants until the 19th day of January, 1878, when the defendants discharged him from their service, and refused to carry out the contract on their part.

For a second cause of action the plaintiff sues as assignee of one Frederick Yager, and alleges that on the 1st of January, 1878, the defendants contracted with said Frederick Yager, whereby it was agreed that said Yager should work for said defendants for the term of one year from the 1st of January,

1878, till the 1st of January, 1879, for the sum of $780 per year, and that said Yager, on or about said 1st of January, 1878, entered upon the performance of said contract, and worked for defendants until the 23d of January, 1878, when he was discharged; defendants refusing to carry out said contract with said Yager.

The action was brought August 26, 1878, but was not tried until March, 1879. Verdict for the plaintiff for $1,731. 94.

Further facts appear in the opinion.

*Samuel Hand* for appellants. On a contract for services no greater recovery can be had than the amount due, if any thing, at the time of the commencement of the action. (*Howard* v. *Daly,* 61 N. Y. 362; *Taylor* v. *Bradley,* 39 id. 141; *Toles* v. *Hazen,* 18 Alb. L. J. 476; *Heim* v. *Wolf,* 1 E. D. Smith, 10.) It makes no difference with this principle when the action happens to be tried. (*Wattson* v. *Tibou,* 17 Abb. 184; *Smyth* v. *Alyesworth,* 40 Barb. 104; *Castrique* v. *Bernabo,* 6 Ad. & El. [N. S.] 498.)

*S. Jones* for respondent. The measure of damages adopted by the trial-judge was correct. (Sedgwick on the Measure of Damages [1st ed.], 107, 108; id. [6th ed.] 122; *Wilcox* v. *Exrs. of Plummer,* 4 Peters, 172; Wood on Master and Servant, 249, 250; *Fowler* v. *Armor,* 24 Ala. 194; *Page* v. *Parihan,* 8 Ga. 190; *Hochster* v. *De La Tour,* 2 E. & B. 678; *Roper* v. *Johnson,* L. R., 18 C. B. 767; 31 L. J. Ex. 84; *Frost* v. *Knight,* L. R., Exch. 111.)

TRACY, J. The only question presented upon this appeal relates to the rule of damages to be applied in an action for a breach of a contract of employment where the servant has entered upon the performance of a contract, has been discharged, and brings his action before the expiration of the term, but the trial does not occur until afterward.

The case does not contain the evidence taken upon the trial,

and the question is presented by an exception to the charge of the judge.

The judge charged that, if the plaintiff was entitled to recover, he was entitled to "the difference as between what the contract called for for the year 1878 and the amount he actually received, and what he was enabled to earn after his discharge that year, which would be $970. It appears that he used every endeavor to obtain employment after he was discharged, but with what result his testimony shows." To this charge the defendants' counsel excepted. A similar charge was given as to the rule of damages applicable to the case of Yager, and a similar exception taken.

It is not questioned that, had the action been brought after the expiration of the term, the rule of damages applied by the judge would have been correct, but it is insisted that, inasmuch as the action was brought before the expiration of the term, a different rule applies; that a servant who would recover as damages the entire amount of compensation stipulated for in the contract must wait until the expiration of the term before bringing his action. The plaintiff's cause of action arose at the time of the breach of the contract, and he was then entitled to sue and recover such actual damages as the evidence upon the trial showed he had sustained by the defendants' breach. It is the breach and not the time of complaining of it which gives the damage.

Lord MANSFIELD laid down the doctrine, " It is agreeable to principles of common law that whenever a duty has incurred pending the writ, for which no satisfaction can be had by a new suit, such duty shall be included in the judgment to be given on the action already pending." (Sedgwick on the Measure of Damages [1st ed.] 107.) In the authority last cited the rule is stated as follows : " If the original tort or breach of contract is such that the plaintiff would be entitled to nominal damages, then he can go on to give evidence of those consequences of the act which are immediately traceable to it, although they have taken place after the commencement of the suit." The same author in the sixth edition of the work, page

122, says : " If there is a breach of contract the right to nominal damages exists at once to vindicate the right, and suit may be brought.   If those consequences for which the law renders the party in default responsible have developed themselves so as to create absolute injury before the verdict, the jury are bound to give compensation for such injury ; but if at the time of trial the loss is still only probable, the verdict should be for nominal damages."   (See, also, *Wilcox* v. *Executors of Plummer,* 4 Peters, 172.)

We think the principle above stated is applicable to this case. The defendants owed a duty to the plaintiff and Yager from the time of the commencement of the action up to January 1, 1879, all of which was during the pendency of the *writ,* and for which satisfaction cannot be had except in this action. Where the cause of action is commenced during the term, but the trial occurs after the expiration of the term of service, we can see no reason why the plaintiff may not be permitted to recover the same damages that he would have been entitled to recover had the action been commenced after the expiration of the term.

The judgment should be affirmed, with costs.

All concur, except MILLER, J., absent.

Judgment affirmed.