JOHN A. BIGELOW, RESPONDENT, *v.* THE AMERICAN FORCITE POWDER MANUFACTURING COMPANY, APPELLANT.

*Evidence — action for breach of contract for personal services — evidence of a refusal of the plaintiff to accept employment offered by his employer after his discharge is admissible in reduction of damages.*

This action was brought by the plaintiff to recover damages for a breach of a contract, for his personal services, made with the defendant. The employment commenced on March thirty-first and was to continue for a year, but was in fact terminated by the defendant in July. Upon the trial of this action, brought after the expiration of the year for which the employment was to last, the defendant offered, but was not allowed, to show that after the plaintiff had been discharged from the defendant's service, he was directed on the part of the defendant, to go to Panama and refused to do so.

*Held*, that it was error to exclude the evidence as it was admissible to diminish the damages. (DANIELS, J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the New York Circuit. The facts are stated in the following dissenting opinion of DANIELS, J.

*Jerry A. Wernberg*, for the appellant.

*L. Laflin Kellogg*, for the respondent.

DANIELS, J. (dissenting):

The cause of action set forth in the complaint was for the breach of a contract for the personal services and employment of the plaintiff by the defendant. The contract alleged was proved to have been made by letters, and the service of the plaintiff under it commenced on the 31st of March, 1884, the date of the letters, and continued until the second of the following month of June, when a telegram was sent to him at Cleveland by the defendant informing him that it did not need his services any longer, and directing him to return to the city of New York to settle. He did return but no settlement was made between himself and the defendant, and in the latter part of the month of July, 1884, this action was commenced for the recovery of damages for the failure and refusal of the defendant to continue the plaintiff in its employment. It was not tried until the May circuit in the year 1885, which was after the expiration of the year for which, by the import of the correspondence, the plaintiff appeared to have been employed; and he was accordingly entitled to recover at that time the salary agreed to be paid him, less the amount earned by him in other employment. *Howard* v. *Daly* (61 N. Y., 362), where this was held to be the law; and that the damages were *prima facie* the entire amount of the compensation agreed to be paid by the defendant, and that a recovery on that principle was justified after the end of the stipulated term of service, was further held in *Everson* v. *Powers* (89 N. Y., 527).

After the plaintiff had been discharged in this manner from the service of the defendant he was directed on the part of the defendant to go to Panama, which he refused to do. The court, in the submission of the case to the jury, held that such a refusal was not a defense to the action, and as it was for damages for breach of the defendant's contract the ruling seems to have been right. If the

action had been in form for the salary a different principle might have been applicable, but it was not. It was for the refusal of the defendant to perform the contract, and by that refusal the right of the plaintiff to damages became complete. He was not after that time obligated to re-enter into the service of the defendant, or to hold himself subject to its orders or directions. The rights of the parties were fixed by the voluntary action of the defendant itself, and the court was correct, therefore, in holding this refusal to go to Panama, after the contract had been broken by the defendant, not to be defense to the right of the plaintiff to recover. The case in this, as well as the other respects, was legally disposed of at the circuit, and the judgment from which the appeal has been taken should be affirmed.

Davis, P. J. :

I think, notwithstanding what has taken place between the parties, the plaintiff having found no other employment, was bound when called upon after the alleged breach to perform any service within the contract called for by the defendant's contract. He claims for *the entire year's service*, because by the contract he was employed for a year, and was required by the rule governing such cases to take employment when opportunity offered *practically for the benefit* of the defendant, and to give credit on his damages for the amount he should earn.

It was the right, therefore, of defendant to call upon him to serve it in the same line of business as the original employment, or to provide employment for him, and his refusal to take such service without any good reason should operate to diminish his damages.

I am in favor of reversing the judgment and ordering a new trial, with costs to abide the event.

I concur in this view. Brady, J.

Judgment reversed, new trial ordered, costs to abide event.