MoAdam, Ch. J
Services were actually rendered under the contract of employment until December 11, 1836, to which time salary was paid. The plaintiff was on that day *522 discharged, by means of which he was prevented from rendering any further services under his contract: The plaintiff’s appropriate remedy under such circumstances was an action for wrongful discharge founded on the breach by the defendant (Moody v. Leverich, 4 Daly, 408; Howard v. Daly, 61 N. Y., 362), in which form of action he is entitled to recover “for the loss or injury occasioned” up to the time of trial. Bruel v. Colell, 1 City Ct. R., 308; Everson v. Powers, 89 N. Y., 527. The cause of action arose at the time of the wrongful discharge, and there can be but one recovery for the breach, although the services (if they had been rendered) were to be paid for in weekly installments. One action is sufficiently comprehensive to embrace all the damages suffered, and the law will not permit the cause of action to be split up into parts so as to permit of a number of suits for substantially the same cause. The plaintiff herein recovered a judgment on the. contract for the loss from December 11, 1886 (the day of the discharge), up till December 25, 1886. This recovery was founded on the breach, because it is conceded by the printed case that no services whatever were rendered during this period. The judgment so recovered is a complete bar to any further recovery founded on the same breach—that is, the wrongful discharge. See cases before cited, and Smith v. Dittenhoefer (1 City Ct. R., 143). The request to direct a verdict for the defendant should have been granted. It was error .to have directed a verdict for the plaintiff. For this error the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Browne and Hall, JJ., concur.