THOMAS WHITMARSH, JR., RESPONDENT, *v.* EDGAR LITTLEFIELD AND OTHERS, APPELLANTS.

*Wrongful discharge of a servant before the expiration of his term of service — as to the duty of the servant to accept an offer of the master to continue to employ him at a reduced rate.*

Upon the trial of this action, brought by the plaintiff to recover the damages sustained by a breach of a contract by which the defendant agreed to employ him for a specific time at two dollars per day, it appeared that after the defendant had broken the contract, he said to the plaintiff and others that he could not pay them two dollars any longer, that he would like to have them go on the same as they had before for fourteen shillings, that he wanted them to consider the matter and go to work for fourteen shillings,

The court refused a request, made by the defendant, to charge that the plaintiff had an opportunity to earn one dollar and seventy-five cents per day during all the time, and charged that the plaintiff was not required to go back and work for the defendant on these terms offered by him.

*Held,* that it did not err in so doing, as the proposition of the defendant was, under the circumstances, a proposition to abandon the old and form a new contract.

*Bigelow* v. *American F. P. Company* (39 Hun, 599), distinguished.

APPEAL from a judgment of the Albany County Court, in favor of the plaintiff entered upon the verdict of a jury.

The action was brought to recover damages for the breach of a contract, by which the defendants hired the plaintiff to assist in

loading ice boats at an agreed price of two dollars per day while the old ice lasted, and one dollar and seventy-five cents per day for the balance of the season, until the close of navigation, on or about December 5, 1886. The complaint alleged the defendants discharged the plaintiff on or about August 30, 1886

*N. C. Moak,* for the appellants.

*L. R. Beckley,* for the respondent.

LEARNED, P. J.:

There was evidence on which the jury might find that there was a contract for a specific time, viz., to the end of the season. And there was evidence from which they might also find that defendants broke the contract. It is stated in the charge, that if the jury found in favor of plaintiff, the amount of recovery had been agreed upon. No question then arises as to the amount which the plaintiff should recover; except as thereinafter stated. The defendants requested the court to charge that the plaintiff had an opportunity to earn one dollar and seventy-five cents per day during all the time. This was refused. And the court further said, in reference to a former part of his charge, he would except this, viz., that the plaintiff was not required to go back and work for defendants. To this there was an exception. The alleged contract found by the jury was that plaintiff was to work as long as the old ice lasted for two dollars per day. There was evidence that when, as the jury found, the defendants broke this contract, that the defendants offered to pay one dollar and seventy-five cents per day, for the work on the old ice; as is fully stated thereafter. And the principal question here relates to the ruling on this point. The court directed the jury to deduct what plaintiff had received for his services; but declined to direct them to deduct what plaintiff had an opportunity to earn in work of a similar character. Now, the opportunity referred to was the offer of defendants to pay one dollar and seventy-five cents for the same work for which they had contracted to pay two dollars. The defendant's counsel cites *Bigelow* v. *American F. P. Company* (39 Hun, 599). In that case after defendants had distinctly discharged plaintiff from their service, they directed him to go to Panama, and

he refused. The court held that the offer by defendants in the same line of business, and plaintiff's refusal should have been admitted to diminish the damages, because it tended to show what he might have earned.

There is a distinction between that case and the present. It does not appear that in that case the defendants, when they proposed to discharge him, offered to employ him at a less salary to do the work for which they had originally contracted. But, in this case, to take the defendants own statement, Littlefield said to the plaintiff and others "that I could not pay them two dollars any longer; that I would like to have them go in the boat and work the same as they had before, for fourteen shillings." And as another of defendant's witnesses says in another place, he told them he wanted them to consider the matter and go to work for fourteen shillings. Now, this was a plain proposition to give up the old arrangement or contract and accept a new one. That is, to continue in the same employment at a less price. If the plaintiff and the others had acceded to this, they would have virtually surrendered the old contract and have made a new. No one could understand the transaction otherwise than as a change or modification of the old arrangement. And if the plaintiff and the others had thereupon gone on and worked for the defendants, they never could have recovered more than the one dollar and seventy-five cents per day.

Of course when a contract has been broken by one party and the parties make thereafter a new contract, the new contract does not necessarily take away the action for damages for the breach. (*McKnight* v. *Dunlop*, 5 N. Y., 537.) But, on the other hand, the parties to a contract may modify it by mutual consent. And the proposition made by defendant Littlefield, if acted upon by plaintiff and others, would plainly have been such a modification. Under the facts of this case, therefore, we do not think it necessary to pass on the question whether if a fair and distinct offer of employment had been made by defendants which plaintiff had refused, this should have been considered in diminution of damages. It might be questionable whether plaintiff was bound to enter into another contract with those who had broken the former. But it is enough to say that the proposition of Littlefield over which only the question arises, was, under the circumstances, a proposition to abandon the

old and to form a new contract. The recovery for the whole time seem to be justified by *Everson* v. *Powers* (89 N. Y., 527).

The judgment should be affirmed, with costs.

LANDON and WILLIAMS, JJ., concurred.

Judgment affirmed, with costs.