THEODORE S. JENKINS, Respondent, *v.* WILLIAM E. DEAN, Appellant.

In an action to recover for services rendered, the following facts appeared: Defendant entered into a contract with the city of New York to construct certain sewers. Under said contract the city was authorized to retain, for six months after the work was done, a certain percentage of the contract price for the purpose of repairing the streets through which the sewers were constructed, which the city was authorized only after defendant had, after being notified, refused to make such repairs. Defendant employed H., plaintiff's assignor, to superintend the work, agreeing to pay him for his services one-third of the net profits. The city made payments as the work progressed, and after its completion retained the percentage specified, which was paid to defendant in June, 1888. This action was commenced in January of that year. H. testified that he knew of the terms of defendant's contract with the city. Defendant moved to dismiss the complaint, at the close of plaintiff's evidence, on the ground that the action had been commenced before the contract was completed and before H.'s interest in the profits had become due. This motion was denied. *Held*, no error; that conceding

it was not in the contemplation of the parties that the percentage of H. should become due and payable until the amount thereof could be ascertained, as the city was only authorized to expend for repairs the money retained, and the contractor could not be made liable for a larger sum, upon conclusion of the work, and upon payment of the amount earned less the amount retained, the parties could have determined the net profits and divided the same, leaving their interest, if any, in the amount retained, to be ascertained upon expiration of the six months.

*Everson* v. *Powers* (89 N. Y. 527), distinguished.

(Argued October 19, 1891; decided December 1, 1891.) .

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 10, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James Edward Graybill* for appellant. The action was prematurely brought. (*Rogers* v. *Kneeland*, 10 Wend. 252 ; *Van Horne* v. *Crain*, 1 Paige, 455 ; *Hills* v. *Miller*, 3 id. 254 ; *Shaw* v. *Leavitt*, 3 Sandf. 163 ; *Peck* v. *Vandemark*, 99 N. Y. 34 ; 2 Pars. on Cont. 499 ; *Erwin* v. *Hoch*, 9 Cent. Rep. 678 ; *Thayer's Appeal*, 8 id. 479 ; *Van Nest* v. *Lott*, 16 Abb. Pr. 130 ; *Atkinson* v. *Collins*, 18 How. 235 ; *Ladue* v. *Seymour*, 24 Wend. 60 ; *Champlin* v. *Butler*, 18 Johns. 169 ; *Jewell* v. *Schroppel*, 4 Cow. 564 ; *Hare* v. *Vandusen*, 32 Barb. 92 ; *King* v. *Accum. Assn. Co.*, 3 C. B. [N. S.] 151 ; *Jackson* v. *McLean*, 96 N. C. 474 ; *McCullough* v. *Colby*, 4 Bosw. 603 ; *Wattson* v. *Thibou*, 17 Abb. 184 ; *Oothout* v. *Ballard*, 41 Barb. 33 ; *Smith* v. *Aylesworth*, 40 id. 104.) The complaint does not state facts sufficient to constitute a cause of action. (*Wheelock* v. *Lee*, 1 Abb. [N. C.] 85 ; *Emery* v. *Pease*, 20 N. Y. 64 ; *C. E. Ins. Co.* v. *Babcock*, 42 id. 647 ; *Tooker* v. *Arnoux*, 76 id. 400 ; *Munger* v. *Shannon*, 61 id. 260 ; *Bradley* v. *Aldrich*, 40 id. 509.) The court erred in admitting evidence to prove the cost of material not used in the work by the defendant. (*Gouge* v. *Roberts*, 53 N. Y. 619 ; *C. P. A. Co.*

v. *Brown*, 5 J. & S. 433 ; *Van Wycklen* v. *City of Brooklyn*, 118 N. Y. 554 ; *McCarragher* v. *Rogers*, 120 id. 533.)

*William N. Dykman* for respondent. The action is maintainable. (*Card* v. *Miller*, 1 Hun, 504 ; *Zimmerman* v. *Schoenfeldt*, 3 id. 692 ; *Seymour* v. *Cowing*, 1 Keyes, 532.) Dean's promise to pay on January 6, 1888, made that day the day of payment, and his refusal to perform his promise gave a complete cause of action. (*Peck* v. *Goodberlett*, 109 N. Y. 180 ; *Bartholomew* v. *Lyon*, 67 Barb. 86 ; *Leslie* v. *K. Ins. Co.*, 62 N. Y. 27.) The motion to dismiss the complaint upon the pleadings was properly denied. (*Smith* v. *Bodine*, 74 N. Y. 30.) It was not ground for dismissal of complaint that Kingsley was interested in the action. (*Sheridan* v. *Mayor*, etc., 68 N. Y. 30.)

HAIGHT, J. This action was brought to recover pay for services rendered as defendant's superintendent.

It appears that on or about the 19th day of October, 1886, the defendant entered into a contract with the city of New York to construct sewers in Eighth and Eleventh avenues of said city. This contract contained a provision authorizing the city to retain for the period of six months after the work was performed a certain percentage of the contract price for the purpose of making repairs upon the streets through which the sewers were to be constructed. On the same day the defendant entered into a contract with the plaintiff's assignor, W. L. Holmes, to superintend the construction of the sewers, the defendant agreeing to furnish all moneys, tools and machinery necessary for the performance of the work, and for the use of the tools and machinery he was to receive a fair compensation and two-thirds of the net profits of the work. Holmes was to furnish his labor as superintendent, and work under instructions of the defendant, and in lieu of salary was to receive the other third of the net profits of the work for his services. The work of constructing the sewers commenced on the 27th of October, 1886, and continued about one year. Payments

were made by the city on account of the work as it progressed from time to time, in accordance with the provisions of the contract. The amount of the percentage retained by the city after the work was completed amounted to the sum of $1,773.12, which sum was finally paid to the defendant on the 29th of June, 1888.

This action was commenced on the 31st of January, 1888, and the claim is that it was prematurely brought.

Holmes, in his testimony, admitted that he knew of the provisions of defendant's contract with the city under which the work was to be performed, and that it authorized the city to retain a percentage of the contract price for the purpose of making such repairs as should thereafter be found necessary.

It will be observed that nothing was said in the agreement between Holmes and the defendant as to when his compensation should become due and payable. Under such contracts it would ordinarily become due when the work was completed, but in this case Holmes' compensation was to be one-third of the net profits of the work, and it appears that in making this agreement they had reference to the contract between the defendant and the city, and both should be construed together.

Under the agreement with the city the defendant was to be paid for the work as it progressed from time to time, the city reserving the stipulated percentage for repairs. It was doubtless within the contemplation of the parties that Holmes should at such times and in like manner be paid for his services.

It is claimed, however, that the compensation for his services could not become due and payable until such time as the net profits could be ascertained and determined; that such profits could not be ascertained until after the expiration of six months from the completion of the work, and until the amount that had been expended for repairs out of the percentage retained by the city could be determined. We must admit the force of this argument and concede that it could not have been within the contemplation of the parties that the money should become due and payable until the amount thereof could

be ascertained, but upon reference to the agreement between the defendant and the city we find that the city is only authorized to expend for repairs the money retained, and that only after the contractor has had notice to make the repairs required and a failure so to do on his part. So that the contractor could not be made liable for a greater sum than that retained by the city. Upon the conclusion of the work, and upon the payment of the amount earned less the amount retained by the city, the parties could have then determined the net profits and divided the same in accordance with their agreement; but their interest in the amount retained by the city could not have been ascertained until the expiration of the time provided for in the contract.

At the conclusion of the plaintiff's evidence the defendant moved for a dismissal of the complaint on the ground that the evidence showed that the action had been begun before the contract had been completed and before Holmes' one-third interest in the profits had become due. Exception was taken to the denial of this motion, and it now remains to be determined whether there was anything due upon the contract as we have construed it at the time the action was brought.

There appears to have been some discrepancy in the figures, but as taken by the trial court in his charge to the jury and then acquiesced in by the parties, neither taking exception thereto, they are as follows:

| | |
|---|---:|
| Plaintiff concedes he had been paid | $234 00 |
| Verdict | 1,021 15 |
| Plaintiff's one-third of profits | $1,255 15 |
| Defendant's two-thirds | 2,510 30 |
| Total net profits | $3,765 45 |
| Total profits | $4,008 46 |
| Deduct total net profits | 3,765 45 |
| Allowed by jury for use of tools | $243 01 |

| | | |
|---|---:|---:|
| Amount of profits due and to become due when the action was brought...................... | | $4,008 46 |
| Value of the use of tools............ | $243 01 | |
| Paid after action begun............. | 1,773 12 | |
| | | 2,016 13 |
| Amount of net profits on hand when the action was begun ...................... | | $1,992 33 |
| One-third of which is..................... | | $664 11 |
| Less previously paid... ........... ......... | | 234 00 |
| Balance due................................ | | $430 11 |

This result would be changed in case the jury disallowed the two items amounting to $407, but with those items disallowed there would still be a balance due.

It would consequently follow that a motion for a nonsuit was properly denied.

The jury, however, were permitted to find under the charge of the court the amount of the plaintiff's interest in the $1,773.12 that had been retained by the city. The plaintiff could not properly have been allowed for this amount, but there appears to be no exception to the charge raising the question, and the parties must be deemed, therefore, to have acquiesced in the charge in this regard.

The case of *Everson* v. *Powers* (89 N. Y. 527), has no application to the one under consideration. In that case the action was for damages suffered in consequence of a breach of contract. In this case it is to recover pay for services rendered, and the question is as to whether the amount earned had become due and payable at the time the action was brought.

We have examined the other exceptions appearing in the case, but find none that point to error.

The judgment should, consequently, be affirmed, with costs.

All concur.

Judgment affirmed.