FOREIGN CORPORATIONS—ACTIONS AGAINST—AVERRING RESIDENCE OF PLAINTIFF.
  A complaint against a foreign corporation on a cause of action which arose without the state is not demurrable because it fails to allege that plaintiff is a resident of the state.

Appeal from special term.

Action by Bernhard Campbell against the Texas Central Railroad Company.   From an order overruling a demurrer to the complaint, defendant appeals.   Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Richards & Heald, for appellant.
Foley & Powell, for respondent.

FITZSIMONS, J.   The defendant is a foreign corporation, and the cause of action alleged in the complaint arose without the state. The complaint failed to allege that plaintiff is a resident of the state. For the failure to allege that plaintiff is a resident of the state, the appellant contends that the complaint is demurrable.   We think that plaintiff's complaint is not demurrable, and that it was not necessary to allege the plaintiff's residence within the state.   Hand v. Society for Savings (City Ct. N. Y.) 18 N. Y. Supp. 157.

The judgment must be affirmed, with costs, with leave to defendant to answer herein.

---

(15 Misc. Rep. 468.)

### STOCKTON v. ROGERS.

(City Court of New York, General Term.   January 28, 1896.)

SALE—DELIVERY AND ACCEPTANCE.
  It is immaterial whether the acceptance under a contract of sale takes place before or after the delivery.

Appeal from trial term.

Action by Charles S. Stockton against Henry Rogers.   From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before FITZSIMONS, CONLAN, and BOTTY, JJ.

John H. V. Arnold, for appellant.
George A. Heaney, for respondent.

CONLAN, J.    An appeal from a judgment entered upon the verdict of a jury, and from an order denying defendant's motion for a new trial.    This action was brought to recover the value of a quantity of ladies' belts and toilet sets, sold and delivered by the corporation of Joy & Seliger Company of New Jersey, to the defendant, Rogers. . The plaintiff is the assignee of the corporation's receiver. The answer denies the sale and delivery, and alleges that the defendant examined the goods, and stated that he would purchase the same if delivered forthwith; that the delivery did not take place until several days thereafter, and that there was no acceptance by Rogers.    The answer also pleaded the statute of frauds.    The defendant concedes that there was sufficient evidence to be submitted to the jury as to whether the contract was for immediate delivery, as maintained by him, or that it was not a condition of the purchase.

The only question of law involved in the case is as to whether there was sufficient evidence of an acceptance by the appellant to take the contract out of the statute.    The case was submitted to the jury by the learned trial justice upon the two questions—First, as to whether there was an acceptance by the defendant sufficient to satisfy the statute; and, second, whether the goods were purchased upon a condition of an immediate delivery.    These questions appear to have been submitted upon a conflict of testimony.    The requirements of the statute of fraud are:    First, a note or memorandum of the contract in writing, and subscribed by the parties to be charged thereby; or, second, that the buyer shall accept or receive part of the goods; or, third, that the buyer shall, at the time, pay some part of the purchase money.    The whole case may be said to hinge upon the single proposition as to whether or not there was an acceptance by the defendant at the time of the alleged purchase, or at any time thereafter; and upon this precise question the evidence is conflicting, and it is upon this conflict that the case was sent to the jury.    It is claimed in behalf of the appellant that there was no substantial evidence of an acceptance which should have been submitted to the jury, and he cites upon his brief a number of authorities which he claims sustain this view.    The case of Stone v. Browning, cited on the appellant's brief, was not like the one at bar.    In that case the court said, "When the uncontroverted facts are such as cannot afford any ground for finding an acceptance, or where though the court might admit that there was a scintilla of evidence tending to show an acceptance, they would still feel bound to set aside a verdict finding an acceptance on that evidence."    68 N. Y. 604, Rapallo, J.    In the case at bar, the evidence on this point was directly in conflict.    The plaintiff's witnesses swore positively to an examination and acceptance of the goods, both at the first interview, and also upon a subsequent visit of the defendant to the warehouse of Joy & Seliger Company.    The case of Norman v. Phillips, 14 Mees. & W. 277, is also to the same effect.    There the court said, "We cannot deny that there is a scintilla of evidence to go to the jury of an acceptance, yet there is no evidence on which the jury ought to have found an acceptance,—which is equivalent to saying that there was some evidence, but not enough to warrant

a submission." But there is such a conflict of evidence in the case at bar that a refusal to submit upon the precise question would have been ground for a reversal, if the defendant had prevailed. The evidence of the plaintiff's witnesses is, in substance and in brief: That the defendant selected the belts on his first visit, and ordered them sent as soon as they could be got ready; on his second visit that he selected other goods, and was told that they would be shipped with those already selected, and that he replied to hurry them along; that his attention was called to the goods he first selected, and that he made no statement or objection to their nondelivery, and that they were all shipped together, on Saturday of the same week, after his second call on Wednesday, and upon their arrival at the defendant's store were receipted for by the defendant's son, and the express charges paid, amounting to the sum of two dollars. The defendant's story differed very materially from the one just given, and it was upon this conflict of evidence that the case was submitted. It is wholly immaterial whether the acceptance took place before or after the delivery. As it is well stated by Earl, J., in Cross v. O'Donnell, 44 N. Y. 664:

"There is nothing in the statute which requires that the acceptance and receiving shall be at the same time. Either may precede the other, and after both have concurred, the statute has been complied with, and the contract becomes operative and valid,"—citing McKnight v. Dunlop, 5 N. Y. 537.

It is proper to state that there was no objection made to the quality of the goods sent. We think the charge of the court eminently fair and just; and we have given due consideration to the various exceptions taken by the defendant thereto, and to his other exceptions in the course of the trial; but we are unable to find any grounds for reversal, and are of the opinion that the judgment and order appealed from should be affirmed.

Judgment and order appealed from affirmed, with costs. All concur.